## Charles Moser v. Myron White and others.

*Common council: Proceedings: Meetings: Records.* A common council can only act by resolution or by-laws adopted at a meeting; and the proceedings of such meeting cannot be left in parol.

*Taxes: Proceedings to levy: Records.* Every essential proceeding in the course of a levy of taxes must appear in some written and permanent form in the records of the bodies authorized to act upon them; such a thing as a parol levy of taxes is not legally possible under our laws.

*Legislative power: Judgment: Construction of statutes.* The legislature has no authority to reverse judgments directly or indirectly; and a legislative act legalizing a tax-roll and healing defects therein will be so construed as not to affect an existing judgment for trespass against the officers for seizing and selling property to pay the illegal tax.

*Certiorari: Judgment: Construction of statute.* The pendency of a writ of certiorari from the circuit, to review the rulings of the justice by whom the judgment was rendered, would have no effect upon the force of the judgment so as to change this construction of the statute.

*Heard January 16. Decided January 29.*

Error to Macomb circuit.

*Hubbard & Crocker*, for plaintiff in error.

*Edgar Weeks* and *Hoyt Post*, for defendants in error.

CAMPBELL, J.

Plaintiff recovered a judgment before a justice of the peace in Macomb county, against the village authorities of Mt. Clemens for trespass in seizing and selling his property to pay an illegal village tax. This judgment was reversed on certiorari in the circuit court, and is now brought before us by writ of error.

The questions of informality in the tax-roll on which reliance was chiefly made for reversing the justice's judgment, become unimportant in view of the conceded fact that the council of the village of Mt. Clemens never passed any resolution and took no action of record to determine what taxes should be raised for the year in question.

The village charter authorizes the village council to lay

taxes for village purposes. But such a body can only act by resolution or by-law, adopted at a meeting, and the proceedings of such meetings cannot be left in parol. Every essential proceeding in the course of a levy of taxes must appear in some written and permanent form in the records of the bodies authorized to act upon them. Such a thing as a parol levy of taxes is not legally possible under our laws.

It is claimed, however, that the curing act of February 28, 1873, entitled "An act to legalize the tax-roll of the village of Mt. Clemens for the year 1872," does away with the force of the objection.

That act does, in terms, purport to heal all the defects which have been pointed out. But plaintiff's judgment was obtained before the justice before this act was passed. If regular when obtained, it could not be reversed. The legislature have no authority to reverse judgments, directly or indirectly. The effect of the act must be so limited as not to interfere with an existing judgment, or it would be necessary to declare it void on principles which are too elementary to be discussed. The case had been already tried, and there was to be no further trial to determine the merits. The judgment had fixed the questions of fact, and the only matter open in the circuit was whether, in so doing, any legal error had been committed. To allow such a judgment to be vacated when there had been no error committed would be a plain invasion of private right, and a usurpation of judicial power which cannot be justified.

The judgment of the circuit court must be reversed, and the justice's judgment affirmed, with costs of both courts.

GRAVES, CH. J., and COOLEY, J., concurred.

CHRISTIANCY, J., did not sit in this case.