SAMUEL ROGERS v. ELBRIDGE WHITE.

*Taxes—Ejectment—Evidence—Right to question validity of tax title
—Unauthorized levy—Void sale.*

1. A *non-owner*, but in *peaceable* possession, of land, conveyed it by
   warranty deed, and his grantee succeeded to *such* possession, and
   held *it* at the time of the commencement of an ejectment suit
   against him by the owner of tax titles, after which defendant's
   grantor acquired the *original* government title.

   *Held*, that the defendant could contest the validity of said tax
   titles.[1]

2. An excess of $25 in the township tax legally assessable for a given
   year will invalidate the sale of land upon which any portion of
   such excess was levied.[2]

3. Taxes assessed to pay orders drawn by a township clerk for repair-
   ing a bridge are illegal, where the record fails to show that any
   such expenditure was ever authorized by the electors, or town-
   ship board, or commissioner of highways, or that *that* officer
   ever determined that the public interests and convenience
   required the making of such repairs, or that the bridge ought to
   be built, or that he ever made a personal examination of the
   same; it further appearing that he never furnished the clerk with
   the statutory statement of the amount of orders to be drawn for
   such purpose.

Error to Allegan. (Arnold, J.) Argued November 3 and
4, 1887. Decided January 5, 1888.

Ejectment. Plaintiff brings error. Affirmed. The facts
are stated in the opinion.

---

[1]How. Stat. § 1166, requires proof by a party questioning the title
conveyed by a tax deed that he, or the person through whom he
claims title, had title to the land at the time of the sale thereof for
non-payment of taxes, or subsequently, acquired from the United
States or this State.

In *Gamble v. Horr*, 40 Mich. 565, this section is held not to embrace
the case of one who shows a title *prima facie* sufficient under com-
mon-law rules; and on page 563 it is held that a person in the peace-
able possession and occupancy of premises, who assumes to convey
them as owner, must be deemed *prima facie* to have a right to do so.

[2]See *Boyce v. Sebring*, 66 Mich. 212 (head-note 11); *Seymour v.
Peters*, 67 Id. 415 (head-note 2).

*Padgham & Padgham* (*Edward Bacon,* of counsel), for appellant.

*Howard & Roos,* for defendant.

SHERWOOD, C. J.   This is an action of ejectment brought by the plaintiff to recover possession of 120 acres of land situate in the county of Allegan.

The plaintiff claims the land in fee, and bases his claim upon two tax titles under conveyances by the Auditor General for the taxes of 1879 and 1880, respectively.

The cause was tried before Judge Arnold, in the Allegan circuit, who found the facts and gave judgment for the defendant.   The plaintiff brings error.

The evidence does not appear in the record.   The findings were requested by counsel for the plaintiff, and the case is now before us upon the several findings of law and entry of the judgment for the defendant.

I have no doubt but that the defendant's interests in the property were such as to properly enable him to defend by attacking the validity of the plaintiff's tax titles, and show them to be worthless if he could.

Adam White, as appears by the findings in the case, purchased the premises from Chase H. Dickinson on the twenty-first day of January, 1882, and received a warranty deed from him therefor, and entered into immediate possession under his deed; and continued the same until he sold to the defendant by warranty deed, and delivered the possession to the defendant, who has continued in the occupancy and possession of the same to the present time, claiming to be the owner thereof.

It also further appears by the findings that the United States conveyed the land to Marvin Hannahs, who, previous to his death, gave it by his will to his son, George Hannahs, and he, after the commencement of this suit, in 1886, con-

veyed the same by quitclaim deed to the defendant's grantor, C. H. Dickinson.

It will be discovered that these conveyances perfected the defendant's chain of title from the government, unless it was broken by the titles of the plaintiff. It was proper to introduce them in evidence. They only furnished the evidence of title existing, and which inured to the benefit of the defendant under these deeds. *Gamble v. Horr*, 40 Mich. 561; *Maxwell v. Paine*, 53 Id. 31 (18 N. W. Rep. 546); *Hall v. Kellogg*, 16 Id. 135; *McFarlane v. Ray*, 14 Id. 465. Under these authorities, the possession found by the court under the claim of title made was sufficient to permit the defendant to make the contest he has in this case.

The validity of the tax deeds is the next question in the case. Under the findings of the court, for the taxes of 1879, it clearly appears that an excess beyond what the law allowed of $25 was raised and collected for township purposes, and the land in question was assessed for its proportionate share thereof, and was sold for such portion of the illegal tax. This was sufficient to invalidate such sale. *Case v. Dean*, 16 Mich. 12; *Lacey v. Davis*, 4 Id. 140; *Buell v. Irwin*, 24 Id. 145; *Wattles v. Lapeer*, 40 Id. 624 ; *Silsbee v. Stockle*, 44 Id. 561 (7 N. W. Rep. 160, 367). The deed on the sale made for the taxes of 1879 was not much relied upon at the hearing, and we will therefore pass to the other.

It is claimed that the title for the taxes of 1880 is invalid for the following reasons :

1. Because the memorandum offered as the record of the proceedings of the township meeting for the year the assessment was made is so defective that no valid tax can be based upon it.

2. If it shall be held a record for any purpose, and the memorandum presented can be held a record upon which to levy a tax, and regulate the amount thereof, the township tax actually levied is excessive and therefore void.

3. The highway and bridge taxes are placed in the column

of township taxes, and it makes void the taxes if they are blended, and in these the excess is $41.60.

4. Because the records of the board of supervisors for the year the taxes were assessed do not show what the equalization of the township taxes was.

5. Because the return of the overseer of highways of delinquent highway taxes is not properly sworn to.

6. Because there is no certificate of the county treasurer to the correctness of the list returned by the township treasurer.

The circuit judge found, as matter of law, that the sum of $41.60 was spread in the column of township taxes for the year 1880, and that the same was illegal and excessive, and the taxes for which the land was sold in 1880 included a proportionate share of such excess, and were void, and that the deed made on such sale is of no effect.

The findings of fact fully sustain the conclusion reached by the circuit judge. The $41.60, it appears from the findings, was the amount of two orders drawn and signed by the clerk of the township and delivered to different parties for repairing a bridge. There is no record that any such expenditure was ever authorized at a township meeting, or by the township board, or by the commissioner of highways. Neither does it appear that any record was ever made of any determination by the commissioner of highways that the public interests and convenience required that any repairs be made to this or any other bridge, or that this or any other bridge ought to be built, or that said commissioner made a personal examination of this or any other bridge, and it appears that the commissioner of highways never furnished the township clerk with the amount of orders drawn, in writing, for the repairing of said bridge, in any form.

Under these findings the application of the law made by the learned circuit judge was irresistible. The authorizing and levying of a tax cannot entirely be done by parol. Cooley, Tax'n, 247; *Moser v. White*, 29 Mich. 59; *Powers'*

*Appeal,* Id. 404; *Taymouth Tp. v. Koehler,* 35 Id. 22; *Clay v. Improvement Co.,* 34 Id. 207; *Kroop v. Forman,* 31 Id. 144; *Doe v. M'Quilkin,* 8 Blackf. 335 ; *Cardigan v. Page,* 6 N. H. 182, 191; *Farrar v. Fessenden,* 39 Id. 268, 277; *Gearhart v. Dixon,* 1 Penn. St. 224, 228.

There is no occasion for considering the other points of defendant's counsel. This one disposes of plaintiff's case under his title for the taxes of 1880 adversely to him, and the judgment at the circuit must be affirmed.

CHAMPLIN and MORSE, JJ., concurred. CAMPBELL, J., did not sit.