BIALY *v.* BAY CITY.

1. TAXATION — STATE TAX COMMISSION — REVIEW OF ASSESSMENTS —CITY CHARTER.

Act No. 154, Pub. Acts 1899, giving the board of State tax commissioners authority to make a general and also a special review of assessment rolls, is not in conflict with the provisions of the charter of Bay City.

2. SAME—POWERS OF BOARD.

The board of State tax commissioners has the power, at any time prior to the equalization of State and county taxes, to review the assessments, and add to the rolls assessments against persons omitted therefrom, or property omitted, provided the same is done according to the provisions of the statute. Act No. 154, Pub. Acts 1899.

3. SAME—POWERS OF ASSESSING OFFICERS.

After tax rolls have been passed upon by local boards of review, and are properly certified by the members thereof, no change can be made by the board or any assessing officer.

4. SAME — REVIEW BY STATE TAX COMMISSION — NOTICE—SUF-
FICIENCY.
   A notice of a general and special review of the assessment rolls
   of certain cities and townships by the board of State tax
   commissioners examined, and *held*, in form and substance a
   compliance with the statute.

5. SAME—GENERAL AND SPECIAL REVIEW—TIME.
   The fact that a hearing on a general and special review was set
   for the same date was not objectionable.

6. SAME—NOTICE TO TAXPAYER—NECESSITY.
   A change in the amount of the personal property assessment of
   a taxpayer who was not named in the order was invalid.

7. SAME—CERTIFICATE OF REVIEW—SUFFICIENCY.
   Where it appears from the record made by the board of State
   tax commissioners that a notice of a general and special re-
   view was given for the 19th of September, and the reviews
   were certified by the board to have occurred on September
   19th and October 6th, the certification is insufficient, for un-
   certainty, and the changes made by the board in assessments
   are invalid.

Case made from Bay; Shepard, J. Submitted Jan-
uary, 19, 1905. (Docket No. 81.) Decided March 28,
1905.

Assumpsit by Robert C. Bialy against Bay City to re-
cover taxes paid under protest. There was judgment for
defendant, and plaintiff appeals. Reversed, and judgment
entered for plaintiff.

*John L. Stoddard* (*E. A. Cooley* and *J. C. Hewitt*, of
counsel), for appellant.

*Brakie J. Orr*, for appellee.

MCALVAY, J. Plaintiff sued defendant in assumpsit to
recover the amount of certain personal property and real
estate taxes for the year 1902 paid by him under protest,
and also for real-estate taxes paid under protest by the
Fraser House Company, Stoddard, and Grant for the
same year, the claims for which were duly assigned to

him, amounting altogether to $3,307.62 and interest. The case was tried before the court without a jury. The facts found by the court, or so much thereof as may be necessary to print for the purposes of this case, are as follows:

The State and county tax rolls for the year 1902, for each of the 11 wards of Bay City, were introduced in evidence. Said rolls, except as changed by the State tax commissioner, as hereafter shown, are copies of the city assessment rolls for the several wards of Bay City for the year 1902, and are severally certified in accordance with the charter of Bay City, by the comptroller of said city, to be copies of the city assessment rolls of the different wards of said city for said year 1902, and show that the several assessment rolls of said city were approved and certified by the comptroller and the board of review, in accordance with the charter of Bay City, on July 29, 1902. Upon said State and county tax rolls so offered and received in evidence, the real estate of the several parties, Bialy, Stoddard, Fraser House Company, and Grant, mentioned in the bill of particulars, was assessed to them, respectively. The several rolls show, by figures found in the columns headed, "Cash Value as Fixed by the Board of State Tax Commissioners," "Real Estate," "Personal," that the value of each and every parcel of real estate assessed was increased by the board of State tax commissioners 10 per cent. over the valuations on the city rolls for that year as fixed by the board of review. The State and county tax roll for the Second ward shows that a personal assessment was made against the plaintiff of $35,000, as fixed by the board of review, which amount was increased by the State tax commissioners to $70,000. The taxes against the real estate referred to, as well as the personal taxes against the plaintiff, were computed and carried out upon the basis of the valuations and amounts of assessments as so increased by the State tax commissioners, and the amount of the taxes so personally assessed against the plaintiff, and so assessed against the several parties, the plaintiff, Stoddard, Fraser House Company, and Grant, on account of the real estate

owned by them, is correctly shown in the bill of particulars.

In the back part of said State and county tax roll for the Second ward a certificate appears, of which the following is a copy:

"Certificate of Review and Changes Made by the Board of State Tax Commissioners.

"State of Michigan, } ss.
    County of Bay. }

" This is to certify that J. C. McLaughlin and Wm. T. Dust, members of the board of State tax commissioners of the State of Michigan, acting under and by virtue of authority in them vested by sections 152 and 153, of Act No. 154, of the session laws of the State of Michigan, for the year 1899, an order having been made and notice of hearing published and given as in said section provided, did in pursuance thereof, on the 19th day of September and the 6th day of October, A. D. 1902, review the assessments made by the assessors of the city of Bay City, county of Bay, and State of Michigan, of the following persons, firms, and corporations, and of their property subject to taxation in the Second ward, in said city, and upon such review have changed the said assessments of personal property upon the roll to which this certificate is attached, and.spread the same as follows, viz. :

| Names of persons, firms and corporations—assessments reviewed. | Amount appearing upon the roll before review by Board of State Tax Commissioners. Personal. | Amount fixed and determined by Board of State Tax Commissioners. Personal. |
|---|---|---|
| Jennison Hardware Co. | $50,000 | $100,000 |
| F. W. Bradfield, Agt. | 37,500 | 75,000 |
| R. C. Bialy | 35,000 | 70,000 |
| Gustin, Cook & Buckley | 25,000 | 30,000 |
| Bay City Gas Co. | 115,000 | 226,000 |
| | $262,500 | $501,000 |

" Signed this 10th day of October, A. D. 1902.
                            " J. C. McLaughlin,
                            " Wm. T. Dust, `
" Members of the Board of State Tax Commissioners."

There also appears, following the above certificate, a certificate of which the following is a copy:

"CERTIFICATE OF GENERAL REVIEW MADE BY THE BOARD OF STATE TAX COMMISSIONERS.

"STATE OF MICHIGAN, ⎰ ss. :-
   County of Bay.       ⎱

"This is to certify that J. C. McLaughlin and Wm. T. Dust, members of the board of State tax commissioners of the State of Michigan, acting 'under and by virtue of the authority vested in them, by sections 152 and 153, of Act No. 154, of the Public Acts of the State of Michigan, for the year 1899, an order having been made and notice of hearing having been published and given as in said sections provided, did in pursuance thereof on the 19th day of September and the 6th day of October, A. D. 1902, review the assessments heretofore made by the board of assessors of the city of Bay City, in the county of Bay, and the State of Michigan, of all the property upon the roll, to which this certificate is attached, and did then and there determine in accordance with law the amount at which said assessments should be made, and did then and there change the assessment made by the said board of assessors upon said roll to make it comply with law, and did then and there place upon said roll property omitted therefrom by said board of assessors, all of which changes made, and all additions made thereto by said board of tax commissioners appear upon said roll, and are spread thereon as shown by the amount and figures in the columns of said roll marked 'True and lawful assessments as determined by the board of State tax commissioners,' and opposite the respective names of persons, firms, and corporations appearing on said roll and so assessed for said amount (reference being hereby made to said roll to which this certificate is attached) and as also shown by the recapitulations of said roll on page 40 thereof, and that the aggregate value of the real estate of the Second ward of said Bay City as found by them is $1,746,800, and that the aggregate value of the personal property of the Second ward of said city of Bay City as assessed is, $1,375,271, and that the total aggregate value of the assessable real estate of the whole of said city of Bay City as found by them is, $9,186,570, and that the total aggregate value of the assessable personal property of the whole of said city of Bay City as assessed is, $3,531,149, and that the total aggre-

gate value of the assessable property of the whole of said city of Bay City as shown by above is $12,717,719.

" Dated this 10th day of October, A. D. 1902.

"J. C. McLAUGHLIN,
"WM. T. DUST,
"Members of the Board of State Tax Commissioners."

A certificate similar in form to the one above mentioned appears in the latter part of the rolls for each of the other wards of said city.

Said findings of fact further show: That plaintiff and his assignors, Fraser House Company, Stoddard, and Grant, paid the taxes in dispute at the times and in the amounts stated in the bill of particulars, and the written protests were filed with the treasurer when payment was made; also the assignments of the said claims to plaintiff. That applications for allowance of these claims were made in due form to the common council of Bay City, and payment refused. That plaintiff resides in Bay City, lives six blocks from court-house, and knows all officers of Bay City. He received no notice in 1902 (unless chargeable with constructive notice by reason of notice published) that State board of tax commissioners would review his assessment, and had no knowledge that such review was contemplated. First learned of their action last of November or first of December, 1902. That he furnished statement as required, in full of all his taxable property, showing assets and liabilities. The total of all personal property other than that not in dispute here did not exceed $30,000. Stoddard, McEwan, for Fraser House Company, and Hewitt, for Grant, testified practically same as plaintiff as to notice, knowledge of board meeting and review, and none of these parties had any notice, unless chargeable with constructive notice of the published notice. Bay City Tribune is a daily paper published in Bay City, and on Friday, September 12, 1902, the notice hereinafter mentioned was published. This was the only notice ever published, and no other notice than this was ever given to any of the parties interested in this suit. The following is a copy of the notice so published:

"MICHIGAN BOARD OF STATE TAX COMMISSIONERS—
ORDER FOR GENERAL AND SPECIAL REVIEW.

" *Whereas*, the assessment rolls for the cities of Bay
City and West Bay City, and for the townships [naming
them] in the county of Bay and the State of Michigan,
for the year 1902, have heretofore been made by the sev-
eral assessing officers of said cities and townships and re-
viewed by the regularly constituted boards of review of
said cities and townships, and

" *Whereas*, said assessment rolls are now subject to in-
spection and review by the board of State tax commission-
ers, or by any member thereof, and

" *Whereas*, it has been made to appear and does appear
to said board that the assessment rolls of the said cities of
Bay City and West Bay City and of the townships [nam-
ing them] are so grossly irregular, and that property is so
unlawfully assessed thereon that adequate compliance
with law cannot be secured except by a general review of
said assessment rolls, and that property subject to assess-
ment and taxation in the city of Bay City and belonging
to [naming certain individuals and corporations] and divers
other properties, individual and general, of said city of
Bay City, have been omitted from said assessment rolls or
not assessed in compliance with law.   Also

"That property subject to assessment and taxation in
the city of West Bay City and belonging to [naming cer-
tain persons] and divers other properties, individual and
general, of said city of West Bay City, have been omitted
from said assessment roll or not assessed in compliance
with law.   Also

* * * [A similar paragraph as to each township being
included in said notice, naming individuals in four of
them.]

" *Therefore ordered*, That the assessment rolls of said
cities of Bay City, West Bay City and of the townships
[naming them] shall be subject to general and special re-
view and that [naming them] the respective assessing of-
ficers of said cities and townships, whose assessment or
failure to assess are complained of, be required to appear
at the office of the board of supervisors in the city of Bay
City on Friday the 19th day of September, A. D. 1902, at
two o'clock in the afternoon, and have with them at the
said time and place the assessment rolls of their respective
cities and townships for the year 1902:   At which time
and place said assessment rolls shall be subject to general

and special review, and that all persons interested in said assessments may be heard, and that the assessments and omitted assessments of the persons and property above mentioned be then and there examined and considered by the board of State tax commissioners, or by some members thereof, and such action taken as will correct the irregularities complained of, if found to exist; this order and notice being published and given in compliance with law.

"Witness our hands and seals this 30th day of July, A. D. 1902.

> "A. F. FREEMAN,
> "WM. T. DUST,
> "MANVILLE JENKS,
> "J. C. MCLAUGHLIN,
> "IRA T. SAYRE,
> "Board of State Tax Commissioners."

For some time prior to and after the publication of said notice, said plaintiff, Stoddard, McEwan, and Hewitt were subscribers to, and daily readers of, said Bay City Tribune, but neither of them saw said notice.

The amount of the several taxes for State and county purposes hereinbefore referred to, had the same been computed, based, and carried out upon the valuations and assessments as fixed and determined by the board of review, and before the action of the State tax commission, and the amount of such taxes as computed and based upon valuations established by the State tax commissioners, and paid by the several parties, are shown by the following statement (the first column being the amount based upon the assessment as established by the board of review, and the second column the amount upon the valuations as increased and established by the board of State tax commissioners and paid by the parties):

| | | |
|---|---|---|
| Bialy, personal tax | $241 43 | $482 87 |
| Bialy, real estate | 285 72 | 314 30 |
| Stoddard, real estate tax | 127 76 | 140 43 |
| Fraser House Co., real estate tax | 258 64 | 284 50 |
| Grant, real estate tax | 1,895 93 | 2,085 52 |

### CONCLUSIONS OF LAW.

Thereupon the facts so found and established upon said trial were duly considered by the court, and, as conclusions of law, the court did then find and determine:

1. That the action of the State Tax Commissioners in increasing the personal assessment of the plaintiff, Bialy, was legal and valid.

2. That the action of the State Tax Commissioners in increasing the valuation of real estate 10 per cent. was legal and valid.

3. That the personal taxes ($482.87) assessed against the plaintiff, Bialy, upon an assessment of $70,000, is legal and valid.

4. That the real estate taxes assessed upon the real estate mentioned in the foregoing statement of facts, and paid by the several parties, Bialy, Stoddard, Fraser House Company, and Grant, were legally assessed.

5. That the plaintiff is not entitled to recover either the whole or any portion of the taxes, personal or real, assessed and paid as shown in said statement of facts.

6. That the defendant is entitled to judgment.

And counsel for plaintiff did then and there duly except severally to each of the said conclusions of law. Thereupon the court, notwithstanding the objections and exceptions taken by counsel for plaintiff, on, to wit, the 2d day of June, A. D. 1904, rendered and entered judgment in said cause against the plaintiff and in favor of the defendant for its (the defendant's) costs in the case to be taxed.

Error is assigned to each of the six foregoing conclusions of law, and also:

"*Seventh.* The court erred, in that it did not render and enter judgment upon the facts found in favor of the plaintiff and against the defendant for the full amount of the personal taxes paid by Bialy, and the real-estate taxes paid by Bialy, Stoddard, Fraser House Company, and Grant, with interest from the dates of payment, * * * or for the excess of the personal and real-estate taxes paid by them by reason of the increase in the assessments and valuations by the State tax commissioners, with interest thereon from the dates of payment."

The plaintiff contends that the facts found do not warrant the conclusions of law. He insists that the board of State tax commissioners had no authority to review the rolls in question and increase the individual assessments. This contention is based upon the claim that the provisions of the tax law (Act No. 154, Pub. Acts 1899) are inconsistent with the charter of Bay City, and consequently, under section 107 (Act No. 206, Pub. Acts 1893) of the law, not applicable.

In the case of *Board of State Tax Com'rs* v. *Board of Assessors of Grand Rapids*, 124 Mich. 498, where practically the same charter provisions were under consideration, this court held that "the provisions of the amendatory act are not so far inconsistent with the city charter as to render them wholly inapplicable," and that, "although apportionment of taxes among the wards could not be affected by a change in the assessment, the rolls may be corrected as to individual taxpayers, and no injustice be done to them thereby."

In Grand Rapids, where this case arose, there was a charter provision as to two tax rolls—one for the city and the other for the State and county taxes: The latter a copy of the former, as is the case in Bay City. That case disposes of this question .against plaintiff's contention, and decides that the board of State tax commissioners has the power, under this law, at any time prior to the equalization and apportionment of State and county taxes, to review the assessments and add to the rolls assessments against persons omitted therefrom, or property omitted, · provided the same is done according to the provisions of the statute.

Plaintiff contends that the board cannot confiscate a taxpayer's property without notice and without a hearing. · It is well settled that after tax rolls have been passed upon by local boards of review, and are properly certified by the members thereof, no change can be made by said board or any assessing officer. In the amendatory act under consideration, by sections 152 and 153 authority is given

to the State board of tax commissioners to review and ex-
amine tax rolls after the final review of the local board.
These sections provide for two kinds of review—special
and general.    In this case the State board of tax commis-
sioners on July 30, 1902, made the order heretofore re-
ferred to in the finding of facts, entitled, "Michigan
Board of State Tax Commissioners—Order for General and
Special Review." This order was intended to cover the
requirements of sections 152 and 153 as to a special review
of the assessments of the persons therein specially men-
tioned, in certain townships and wards, and as to a gen-
eral review of all the assessments of all the townships and
wards in Bay county; the date fixed for said review being
September 19, 1902.   In our opinion, this notice, in sub-
stance and form, complied with the requirements of these
sections of the law, and the fact that the hearing of both
reviews was set for this date is not objectionable.   These
sections also require a notice of the time and place of hear-
ing upon such orders to be given by publication in some
newspaper published at the county seat.   Such required
publication was duly made by one publication in the Bay
City Tribune, published at the county seat of Bay county.
This is admitted to be the only notice given to any of the
parties whose taxes are in dispute in this case.   Neither
the plaintiff nor any of his assignors were named
in the order as persons whose assessments were to be
specially reviewed.   Plaintiff was already assessed in
the Second ward of Bay City $35,000 upon personal
property; having furnished to the assessing officer the re-
quired statement, under oath, showing his personal prop-
erty, bank stock, etc., upon which taxes were paid, about
which there was no dispute, and which does not enter into
consideration in this suit.   On October 10, 1902, the com-
missioners, as required by sections 152 and 153, after the
hearings, made and attached to the tax roll of the Second
ward of Bay City two certificates, which appear in the
finding of facts.   The first entitled, "Certificate of Re-
view and Changes made by the Board of State Tax Com-

missioners," in which it is certified that, in pursuance to notice, they did on September 19 and October 6, 1902, review the assessments made by the assessors "of the following persons, firms, and corporations, and of their property subject to taxation in the Second ward " of Bay City, "and upon such review have changed the assessments of personal property upon the roll to which the certificate is attached, and spread the same as follows." Among those in this list is the name of the plaintiff, changed from $35,000 to $70,000, as appears from said certificate hereinbefore set forth. The assessment of the plaintiff in this certificate is treated in the same manner as the assessments of those who were given notice by the publication. The second certificate referred to is entitled "Certificate of General Review Made by the Board of State Tax Commissioners," and is, in terms, a general review of the property upon the roll. It is therefore clear that the tax commissioners did make a special and general review of this roll in question, as appears from the published notice and the certificates they attached to the roll.

In *Board of State Tax Com'rs* v. *Quinn*, 125 Mich., at page 130, this court, in construing sections 152 and 153, says:

"It seems to have been contemplated that the board should review the assessments of individuals. Hence section 152 provides for notice to persons whose assessments are questioned, and an opportunity for them to be heard. The board establishes the valuation, and its action is made final. * * * It is done by the board, and is called a 'change' and a 'correction' of the roll. Not only may the board deal with individual assessments, but, when a general review is required, it may be made. This is especially provided for, and indicates that what precedes it with reference to individual assessments was not supposed to cover a general review."

The notice above referred to by the court, provided by section 152, as already stated, was not given to plaintiff in this case, and consequently the "change" in his per-

sonal property assessment from $35,000 to $70,000 was irregular and void.

Plaintiff owned real estate assessed upon the roll, the valuation of which, together with the valuation of the real estate of his assignors and all real estate in Bay City, was raised 10 per cent. by the State board upon the general review of the rolls. It is contended that the record shows that this review was had on the 19th day of September and the 6th day of October, 1902, and that the notice provided for a hearing September 19, 1902. This raises the question whether, from the notice and certificates, there is a presumption that the meeting and action of the board on October 6th was regular. Section 153 provides for a notice by publication of a hearing for a general review of a tax roll, specifying what the board may do, and that " said board or member   *   *   *   · shall proceed in all respects as provided in the last preceding section." This refers to section 152, which provides :

" In case of review under the provisions of this section the said board or the member thereof acting in said review shall certify under his hand officially and spread upon said roll a certificate of the day and date at which said assessment roll was reviewed by him."

This is the only statutory provision for the official certification of the reviews of said board. It is admitted that the notice published and hereinbefore referred to is the only notice ever given of this review. This notice was for the meeting of September 19th. We cannot presume that the review certified to have occurred on October 6th was under the notice for September 19th. The record made by the board does not warrant such presumption. A general or special review held without the required statutory notice is irregular and void. The reviews are certified to have occurred on September 19 and October 6, 1902. There appears from the record made by the board to have been a notice given of the review of September 19th, but no notice of that of October 6th. The certificates do not disclose which assessments were reviewed on the first date, when,

as shown by the record, a lawful review could have been made. The certification is not sufficient, by reason of uncertainty. The review was not made according to the provisions of the statute. We therefore hold that the conclusions of the circuit court were erroneous, in holding that the increased personal property assessment of plaintiff was valid, and that the increased valuation of the real estate was valid. These taxes are invalid only as to the amount of the excess of the real and personal taxes by reason of the increase in the assessments and valuations by the State tax commissioners over the original assessments. There is no question raised as to the legality of the assessments on these rolls before the action of the State board. The amount of taxes wrongfully assessed against plaintiff and his assignors is determined without difficulty.

The judgment of the court below is reversed, and a judgment entered in this court in favor of the plaintiff for the amount of the increase under the assessments fixed by the board of State tax commissioners, paid by plaintiff under protest, with interest from date of payment, being the sum of $577.01.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.