DELRAY LAND CO. *v.* TOWNSHIP OF SPRINGWELLS.

1. TAXATION—STATE TAX COMMISSION — GENERAL REVIEW — REC-
ORD—CERTIFICATE—SUFFICIENCY.

Where the notice of general and special review, published by
the State tax commission under Act No. 154, Pub. Acts 1899,
fixed September 28th as the time of the review, and the cer-
tificate made October 10th states that the review was had
September 28th and 30th and on October 8th and 10th, and
both the certificate and the record of the proceedings of the
board are silent as to adjournments, the certificate is insuffi-
cient for uncertainty, and increased assessments based there-
on are void as to the increase, since it cannot be presumed
that the review certified to have occurred October 10th was
under the notice for September 28th.

2. SAME—ADJOURNMENTS—PAROL EVIDENCE—SUFFICIENCY.

Testimony by the presiding officer of the board and the min-
utes of an unofficial stenographer, transcribed long after the
record of the action of the board was made, to the effect that
at the close of each day's proceedings an adjournment was
publicly announced to the date of the next session, will not
serve to validate the certificate and record, in which no ad-
journments are shown, since such a holding would be permit-
ting the levy and assessment of taxes to be founded upon
parol.

Appeal from Wayne; Hosmer, J. Submitted June 15,
1906. (Docket No. 114.) Decided September 20, 1907.

. Bill by the Delray Land Company, Limited, and others,
against the township of Springwells, Harry Stansfield,
supervisor of said township, and the board of State tax
commissioners, to set aside certain assessments. From a
decree for complainants, defendant board appeals.
Affirmed.

*Russel, Campbell & Bulkley* and *Angell, Boynton,
McMillan & Bodman,* for complainants.

*John E. Bird,* Attorney General (*Charles W. Mc-
Gill* and *Fred N. Twiss,* of counsel), for defendant board
of State tax commissioners.

McAlvay, C. J. Complainants, who are the owners of certain real estate situated in the township of Springwells, Wayne county, filed a bill in chancery alleging that the action of the defendant board of State tax commissioners by a general review of the assessment roll of said township for the year 1903, in making a horizontal raise upon the entire lands upon said roll (except certain properties specially reviewed) of 125 per cent. over the assessments as made by the supervisor, is illegal and void, a cloud upon complainants' title, fraudulent and unconstitutional. The bill prays that such assessments so fixed by said board may be decreed void, and all proceedings thereunder, in so far as they purport to create a lien upon complainants' lands, or a personal obligation against them, be canceled and set aside and the cloud removed from their title; that the assessments of the supervisor be decreed to be the only correct basis for levying taxes upon said lands.

The action of the defendant board was taken under sections 152 and 153 of the general tax law (Act No. 154, Pub. Acts 1899) and the orders and certificates made upon the general and special reviews and the certificates attached to the roll by said board of its action under said sections in form and substance are the same as those considered by this court in *Bialy* v. *Bay City*, 139 Mich. 495. In the case at bar the claim is made as is made in the *Bialy Case*, supra, that the certification by the board was not sufficient, by reason of uncertainty, and that the cases cannot be distinguished. It is urged on the part of defendant board that the cases are distinguishable in that there is testimony in the record in this case which shows that at the close of each day's proceedings an adjournment was publicly announced to the date of the next session.

The notice published under the statute fixed the review to be held September 28th. The certificate made October 10, 1903, states that the review was had on the 28th and 30th of September and the 8th and 10th of October, 1903. The only notice of this general review was the one pub-

lished fixing the review for September 28th. The testimony shows that an oral adjournment was had from time to time until October 10th, when the board finally adjourned. Section 146 of the tax law requires an official record of all the proceedings of the board. This record is silent as to these adjournments, as is also the certification of the board. The proofs of the adjournments rest in the testimony of the presiding officer of the board and the minutes of a stenographer (not official) which were transcribed long after the record of the action of the board in this matter was made.

We do not think that this case is distinguishable from the *Bialy Case*, and hold that the certification is not sufficient, by reason of uncertainty. We said in that case:

"We cannot presume that the review certified to have occurred October 6th was under the notice for September 19th. The record made by the board does not warrant such presumption."

To hold otherwise would be permitting the levy and assessment of taxes to be founded upon parol. This cannot be done. 1 Cooley on Taxation (3d Ed.), p. 576; *Moser* v. *White*, 29 Mich. 59; *Rogers* v. *White*, 68 Mich. 10, and cases cited.

Other questions of interest and importance which are discussed in the briefs of able counsel need not be considered, except as to the relief to which complainants are entitled. Upon this matter we agree with the learned circuit judge who heard the case, and hold that the tax is void as to the excess created by the action of the board of State tax commissioners over and above the original assessment. *Avery* v. *City of East Saginaw*, 44 Mich. 591; *Bialy* v. *Bay City*, 139 Mich. 495.

The decree of the circuit court is affirmed, with costs of this court.

GRANT, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.