TAXPAYERS UNITED FOR THE MICHIGAN CONSTITUTION, INC
v CITY OF DETROIT

DOMESTIC LINEN SUPPLY & LAUNDRY CO v CITY OF DETROIT

Docket Nos. 139330, 145012. Submitted June 23, 1992, at Lansing. Decided October 20, 1992, at 9:25 A.M. Leave to appeal sought.

Taxpayers United for the Michigan Constitution, Inc., and others and Domestic Linen Supply & Laundry Co. and others brought two actions in the Wayne Circuit Court against the City of Detroit, challenging the constitutionality of 1990 PA 100, which revived, effective July 1, 1988, the city utility users tax after the City Utility Users Tax Act, MCL 141.801 *et seq.*; MSA 5.3194(301) *et seq.*, expired on June 30, 1988. Under both the former and the current versions of the act, cities with populations of one million or more could levy, assess, and collect a utility users tax. In *Ace Tex Corp v Detroit,* 185 Mich App 609 (1990), the former act was held not to have violated the title-object clause of the Michigan Constitution or its prohibition against local or special legislation where a general act can be made applicable. Const 1963, art 4, §§ 24, 29. In the plaintiffs' actions, the trial court, Marvin R. Stempien, J., granted summary disposition for the city, rejecting the plaintiffs' claims that the current act violated Const 1963, art 9, § 31 (the Headlee Amendment), US Const, Am XIV; Const 1963, art 1, § 17 (the Due Process Clauses of the federal and state constitutions), and Const 1963, art 3, § 2 (the Separation of Powers Clause). The plaintiffs appealed, and the appeals were consolidated.

The Court of Appeals *held:*

1. The Headlee Amendment prohibits a unit of local government from levying a tax not authorized by law or charter at the time of the ratification of the amendment, or increasing the rate of a tax already existing at the time of the amendment's ratification, unless the levy or increase is approved by a majority of the electorate of the unit of local government. The

REFERENCES

Am Jur 2d, Constitutional Law §§ 360 *et seq.*; Sales and Use Taxes §§ 184-200; State and Local Taxation §§ 68 *et seq.*.

See the ALR Index under Municipal Corporations; Taxes.

amendment was not violated in this case because the city utility users tax was already in effect at the time of the amendment's ratification and the current act did not increase the rate of taxation.

2. In the absence of an impairment of a vested right belonging to the plaintiffs, the retroactive application of the current act did not violate the Due Process Clauses of the federal and state constitutions.

3. The Legislature, in adopting the current act, did not overrule the decision of the Court of Appeals in *Ace Tex Corp* and therefore did not violate the separation of powers doctrine.

Affirmed.

TAXATION — CITY UTILITY USERS TAX ACT — CONSTITUTIONAL LAW.

1990 PA 100, which retroactively revived the city utility users tax after the City Utility Users Tax Act had expired, does not violate the Headlee Amendment of the state constitution, the Due Process Clauses of the federal and state constitutions, or the Separation of Powers Clause of the state constitution (MCL 141.1158; MSA 5.3188(258); Const 1963, art 9, § 31, art 1, § 17, art 3, § 2; US Const, Am XIV).

*Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C.* (by *Donald L. Reisig*), (*Jerry G. Sutton*, of Counsel), for Taxpayers United for the Michigan Constitution, Inc., et al.

*Schureman, Frakes, Glass & Wulfmeier* (by *Roy C. Hayes, J. Kelly Carley, Priscilla L. Schwarze,* and *John J. Moran*), for Domestic Linen Supply & Laundry Co. et al.

*Miller, Canfield, Paddock & Stone* (by *Carl H. von Ende, S. Allen Early, III, Cynthia B. Faulhaber,* and *Kathryn L. Ossian*), for City of Detroit.

Before: HOLBROOK, JR., and WEAVER and McDONALD, JJ.

PER CURIAM. In these consolidated appeals, plaintiffs contest the retroactive application of the revived City Utility Users Tax Act, MCL 141.1151

*et seq.*; MSA 5.3188(251) *et seq.,* as specifically outlined by the Legislature in 1990 PA 100, MCL 141.1158; MSA 5.3188(258). In particular, plaintiffs contend the retroactive revival of the tax violates the Due Process Clauses of the federal and state constitutions, the Separation of Powers Clause of the state constitution, and Const 1963, art 9, § 31, commonly known as the Headlee Amendment. We affirm.

This appeal can be traced to the case of *Ace Tex Corp v Detroit,* 185 Mich App 609; 463 NW2d 166 (1990), where this Court was asked to review the constitutionality of the City Utility Users Tax Act. The act, MCL 141.801 *et seq.*; MSA 5.3194(301) *et seq.,* granted cities with populations of one million or more the authority to levy, assess, and collect a utility users tax. As originally enacted, the act provided for an effective date of August 15, 1970, and an expiration date of December 31, 1972. 1970 PA 198; MCL 141.807; MSA 5.3194(307). In five successive enactments, the Legislature amended the act to extend the expiration date and, at the time of the appeal in *Ace Tex,* the act had a June 30, 1988, expiration. 1972 PA 309, 1975 PA 118, 1979 PA 34, 1981 PA 108, and 1984 PA 349; MCL 141.807; MSA 5.3194(307). The plaintiffs in *Ace Tex* alleged the act violated Const 1963, art 4, § 24 and § 29 and was therefore unenforceable in its entirety. In the alternative, absent a finding of unconstitutionality, the plaintiffs urged the Court to declare the act unenforceable after June 30, 1988, the sunset or termination date contained in the statute. The city maintained the termination date or sunset provision of the act was constitutionally infirm and thus severable from the rest of the act. This Court affirmed the decision of the circuit court and found the act constitutional in all respects and thus, giving effect to the sunset provi-

sion, held the taxing authority of the city expired on June 30, 1988.

In response to *Ace Tex,* the Legislature in 1990 PA 100 enacted a revised version of the City Utility Users Tax Act. The new version purported "to validate, ratify, and revive effective from July 1, 1988 a city utility users tax." 1990 PA 100, MCL 141.1158; MSA 5.3188(258). Furthermore, the statute was

> intended to eliminate the confusion surrounding the legal status of Act No. 198 of the Public Acts of 1970 resulting from an opinion of the attorney general regarding the validity of enactment of various public acts, OAG, 1987-1988, No 6438, p 80 (May 21, 1987) and a circuit court decision in the matter of Ace Tex Corp v Detroit rendered on February 2, 1990 (Wayne County Circuit Court Case No. 88-807858-CZ), as to which an appeal is pending, and to resolve legislatively the issues raised by the appeal. . . . This act is remedial and curative and is intended to revive and assure an uninterrupted continuation of the authority to collect a city utility users tax. The legislature finds the city utility users tax was authorized by law on the date when section 31 of article IX of the state constitution of 1963 was ratified. [MCL 141.1158; MSA 5.3188(258).

The instant suits were filed in response to this new legislation.

We first address plaintiffs' claim that the failure of the Legislature to provide for voter approval before the adoption of the revised act, 1990 PA 100, violated the provisions of Const 1963, art 9, § 31 (the Headlee Amendment). Our review reveals no violation.

Legislation challenged on a constitutional basis is clothed in a presumption of constitutionality. This presumption is particularly strong when ad-

dressing tax legislation. *Ace Tex Corp v Detroit, supra; O'Reilly v Wayne Co,* 116 Mich App 582; 323 NW2d 493 (1982). In this case, plaintiffs contend the legislation reviving the city utility users tax violated Const 1963, art 9, § 31, which provides in relevant part:

> Units of Local Government are hereby prohibited from levying any tax not authorized by law or charter when this section is ratified or from increasing the rate of an existing tax above that rate authorized by law or charter when this section is ratified, without the approval of a majority of the qualified electors of that unit of Local Government voting thereon.

Clearly, tax levies not authorized at the time of ratification of Const 1963, art 9, § 31 or those increasing the rate of an already existing tax authorization, must be approved by a majority of the electorate in order to be valid. In this case, however, the city utility users tax was in effect at the time of the ratification of Const 1963, art 9, § 31. We do not find persuasive plaintiffs' argument that the particular tax levy in effect at the time of the ratification of Const 1963, art 9, § 31 is distinct from the subsequent enabling legislation and tax levy now at issue. Both apply the same type and rate of tax to the same group of taxpayers. 1990 PA 100 does not create a novel tax and is therefore not violative of Const 1963, art 9, § 31.

We next address plaintiffs' claim that the retroactive application of 1990 PA 100 violates the Due Process Clauses of the federal and state constitutions. US Const Am XIV; Const 1963, art 1, § 17.

Retroactive legislation does not per se violate due process. *Welch v Henry,* 305 US 134; 59 S Ct 121; 83 L Ed 87 (1938). Due process is violated only when the legislation impairs vested rights. *Metro*

*Homes, Inc v Warren,* 19 Mich App 64; 173 NW2d 230 (1969). We find no impairment of vested rights in this case. Plaintiffs cannot argue the utility users tax was unanticipated. The tax had been collected for nearly twenty years before the time now being contested, and was, in fact, collected throughout the pendency of this suit. Moreover, because the tax was assessed upon a relatively essential utility service, it is improbable plaintiffs would have significantly changed their usual consumption because of the tax. Plaintiffs were not assessed a retroactive fee for engaging in a voluntary act they might have forgone had they been aware of the tax. See *Welch, supra* at 147; *Metro Homes, supra* at 673, n 8. We therefore find no due process violation. We also reject plaintiffs' claim that they acquired a vested right not to be subject to the tax by virtue of the circuit court's and this Court's ruling that the City Utility Users Tax Act, MCL 141.801 *et seq.*; MSA 5.3194(301) *et seq.,* expired in June 1988. Any rights afforded plaintiffs by means of the litigation of *Ace Tex* are not vested rights. Plaintiffs in *Ace Tex* never obtained a final order adjudicating their right to, or the amount of, a refund of taxes paid beyond the expiration date of the act. *Great Scott Supermarkets, Inc v Dep't of Treasury,* 113 Mich App 679; 318 NW2d 537 (1982), aff'd sub nom, *Armco Steel Corp v Dep't of Treasury,* 419 Mich 582; 358 NW2d 839 (1984).

Lastly, we reject plaintiffs' claim that 1990 PA 100 violates the separation of powers provision of the Michigan Constitution. The act did not reverse a judicial decision or repeal a final judgment. (See for example *Wylie v Grand Rapids City Comm,* 293 Mich 571; 292 NW 668 [1940]; *Moser v White,* 29 Mich 59 [1874], cases where the Court restricted

the Legislature's attempt to intrude into the exercise of judicial power). Contrary to plaintiffs' assertions, 1990 PA 100 did not attempt to legislatively overrule the circuit court's or this Court's ruling that the prior Utility Users Tax Act, MCL 141.801 *et seq.*; MSA 5.3194(301) *et seq.,* had expired. 1990 PA 100 addressed the revival of the users tax, an issue explicitly left unresolved by the Court.

Affirmed.