DAUER v. ZABEL.

1. CONSTITUTIONAL LAW—COURT RULES—SUPREME COURT.
   The Constitution and legislature have given rulemaking power
   to the Supreme Court to make rules governing practice and
   procedure in the courts (Const 1908, art 7, § 5; CLS 1961,
   § 600.223).

2. SAME—COURT RULES—SUPREME COURT—DEMAND FOR JURY.
   The manner and time for demanding jury trial is procedural
   within the meaning of the Constitution and the statutes and
   the adoption of the rule prescribing time and manner of de-
   mand was a proper exercise of the rulemaking power of the
   Supreme Court (GCR 1963, 508).

3. JURY—COURT RULES—TIME FOR DEMAND.
   Defendant's demand for jury trial *held*, properly denied when
   demand was not filed within time limit specified in court
   rules, where more than 4 months after filing his answer
   defendant made his demand (GCR 1963, 508.2[1], 508.4).

4. COURTS—COURT RULES.
   Court rules have the force of law and are tantamount to rules in-
   corporated in statutes if properly promulgated and not ex-
   ceeding limitation of court's rulemaking power (Const 1908,
   art 7, § 5).

5. APPEAL AND ERROR—TRIAL JUDGE'S FAILURE TO MAKE FINDINGS
   OF FACT.
   Failure of trial court to make findings of fact in action tried
   without jury *held*, to require remand for new trial (GCR
   1963, 517).

REFERENCES FOR POINTS IN HEADNOTES
[1, 4]  20 Am Jur 2d, Courts § 82 *et seq.*
[2]  31 Am Jur, Jury § 40.
[3]  31 Am Jur, Jury § 59.
[5]  5 Am Jur 2d, Appeal and Error § 974.
[6]  5 Am Jur 2d, Appeal and Error § 1011.

6. COSTS—DEATH—NEW TRIAL—FINDINGS OF FACT.
> Assessment of costs in action for wrongful death of 5-year-old child await final determination on the merits where case is reversed and remanded for new trial for failure to make findings of fact (CL 1948, §§ 691.581, 691.582; GCR 1963, 517.1.

Appeal from Saginaw; O'Neill (James E.), J. Submitted Division 3 June 7, 1967, at Grand Rapids. (Docket No. 1,931.) Decided December 7, 1967. Leave to appeal granted March 6, 1968. See 380 Mich 761, 381 Mich 555.

Complaint by Eva F. Dauer, administratrix of David Anthony Dauer, deceased, against Carl J. Zabel for wrongful death. Judgment for plaintiff. Defendant appeals. Reversed and remanded for new trial.

*Cicinelli, Mossner, Majoros, Harrigan & Alexander,* for plaintiff.

*Smith, Brooker, Harvey & Cook (A. T. Lippert, Jr.,* of counsel), for defendant.

HOLBROOK, P. J. On November 7, 1962, plaintiff filed suit against defendant in the circuit court in Saginaw county, under the provisions of the wrongful death act, CL 1948, §§ 691.581, 691.582 (Stat Ann 1959 Cum Supp §§ 27.711, 27.712)[1] seeking recovery on behalf of the estate of David Anthony Dauer. This action sought damages for the death of deceased, age 5 years, as a result of a motor vehicle accident, May 2, 1962. Trial was had before the court without a jury November 27, 1964. After the plaintiff had completed the presentation on her

---

[1] See, currently, CLS 1961, § 600.2922, as amended by PA 1965, No 146 (Stat Ann 1965 Cum Supp § 27A.2922).

proofs, defendant made a motion for involuntary dismissal under GCR 1963, 504.2 which the court denied. Defendant then offered an exhibit which was withdrawn when objection was made by plaintiff. Defendant did not present any proofs. Defendant then renewed his motion for involuntary dismissal and for a directed verdict. The court requested briefs which were furnished, and on February 24, 1966, rendered a written opinion granting judgment to plaintiff and against defendant for the sum of $15,721.40 plus interest from date of death of deceased. On February 25, 1966, final judgment was entered.

From this judgment, defendant has appealed raising several questions for review which are hereinafter considered.

1. *Did the trial court properly strike defendant's demand for a jury trial when a jury demand was not filed within the time limit specified in GCR 1963, 508?*

The defendant's answer was filed on May 24, 1963. Defendant, more than 4 months later, October 10, 1963, filed demand for jury trial and paid the statutory fee.

Const 1908, art 2, § 13, provided for jury trials in civil actions as follows:

"The right of trial by jury shall remain, but shall be deemed to be waived in all civil cases unless demanded by one of the parties in such manner as shall be prescribed by law."

The pertinent portions of GCR 1963, 508.2(1) and 508.4 provide as follows:

"Actions Commenced in Circuit Courts. Any party may demand a trial by jury of any issue so triable of right by filing a demand therefor in writing at any time after the commencement of the action and

not later than 30 days after the filing of the answer or a reply filed within the time prescribed. Such demand may be indorsed on a pleading of a party if notice of the demand is included in the entitlement of the pleading. * * *

"4. Waiver; Withdrawal. The failure of a party to file a demand as required by this rule or to deposit the jury fee by the close of the pretrial conference constitutes waiver by him of trial by jury. A waiver of trial by jury is not revoked by an amendment of a pleading asserting only a claim or defense arising out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. A demand for trial by jury as herein provided may not be withdrawn without the consent, expressed in writing or in court, of the parties or their attorneys."

The defendant having failed to comply with the court rule, the trial court by order filed June 8, 1964, granted plaintiff's motion to strike defendant's demand for jury trial. Defendant thereupon filed an application for leave to appeal from said order in the Supreme Court. On September 3, 1964, the Supreme Court denied the application for leave to appeal stating "as the circuit court did not abuse its discretion in entering the order from which appeal is sought."

Defendant maintains that the Constitution mandates, by the use of the words "prescribed by law," *a legislative act* providing the time and manner of demanding a trial by jury.

The only applicable statute, CLS 1961, § 600.2537 (Stat Ann 1962 Rev § 27A.2537), provides:

"In every case where a trial by jury is demanded, the party making the demand shall, at the time of filing the demand, pay to the clerk of the court the sum of $3.00. Failure to pay the fee within the time provided in the court rules constitutes a waiver of the right to a jury trial."

Defendant maintains that he complied with the aforementioned statute and the court rule is not operative and therefore he was wrongfully denied his right to a jury trial.

The 1908 Constitution provided in article 7, § 5 as follows:

"The Supreme Court shall by general rules establish, modify, and amend *the practice in such Court and in all other courts of record, and simplify the same.*" (Emphasis supplied.)

The legislature has specifically given rulemaking power to the Supreme Court in the revised judicature act, CLS 1961, § 600.223 (Stat Ann 1962 Rev § 27A.223) as follows:

"The Supreme Court has authority to promulgate and amend general rules governing practices and procedure in the Supreme Court and all other courts of record, including but not limited to authority".

The manner and time for demanding a trial by jury is procedural within the meaning of the Constitution and RJA, and the adoption of GCR 1963, 508 was a proper exercise of the rulemaking power of the Supreme Court.

One question remains: *does GCR 1963, 508 qualify as a law within the meaning of the term "prescribed by law" under Const 1908, art 2, § 13?*

In 52 CJS, Law, p 1025, "law" is defined as follows:

"The law of a state is to be found in its statutory and constitutional enactments as interpreted by its courts and, in the absence of statute law, in the rulings of its courts."

In 20 Am Jur 2d, Courts, § 85, p 447, the authors stated:

"Rules of court properly promulgated, and not exceeding the limitation of the court's rulemaking power, have the force of law, and are tantamount in this respect to rules incorporated in statutes."

We conclude that the only effective statute failed to provide the manner and time for demanding trial by jury and therefore GCR 1963, 508 constitutes the law governing the same and satisfies the constitutional requirements.

2. *Did the trial court make proper findings of fact in accordance with the requirements of GCR 1963, 517.1?*

The provision of the court rule provides:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. It will be sufficient if the court makes brief, definite, and pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization of facts. If an opinion or memorandum decision is filed, it will be sufficient if the findings and conclusions appear therein. The clerk shall notify the attorneys for both parties of the findings of the court. Findings of fact and conclusions of law are unnecessary on decisions of motions except as provided in subrule 504.2. The findings of a circuit court commissioner, to the extent that the court adopts them, shall be considered as findings of the court. Requests for findings are not necessary for purposes of review. No exception need be taken to any finding or decision. Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appear before it."

The opinion of the trial court is as follows:

"In this cause plaintiff's decedent, age 5, was killed on May 2, 1962, when the automobile in which he was riding was struck by defendant's automobile on a country road intersection located in Midland county, Michigan. Defendant was proceeding south on Sasse road. The decedent was a passenger in a car traveling west on East Kent road, which is a stop road at this intersection. The case was submitted to the court without a jury and at the close of plaintiff's case defendant made a motion for involuntary dismissal which was denied and then defendant made an offer of proof which was withdrawn. At this point defendant rested and renewed the motion for involuntary dismissal. The motion was taken under consideration and briefs from counsel were requested.

"On consideration of the arguments and briefs submitted, this court is of the opinion that plaintiff has presented a prima facie case and is entitled to a verdict. The parties herein must concede that the testimony is to be considered in the light most favorable to the plaintiff and all of the facts, stated and physical, must be taken into consideration.

"In this type of case we must also take into consideration all of the elements of damage announced in *Wycko* v. *Gnodtke* (1960), 361 Mich 331, and affirmed in *Currie* v. *Fiting* (1965), 375 Mich 440. When this is done, it is the verdict of this court that plaintiff's damage amounts to $15,721.40 plus interest from the date of decedent's passing on.

"A judgment in accordance with this verdict may be entered against defendant."

Now it is true that prior to the effective date of GCR 1963[2] and at the time[3] of the accident upon which this action is based, Court Rule No 37, § 11 (b)(c), (1945) provided:

2 GCR 1963, 14, January 1, 1963.
3 May 2, 1962.

"No special findings shall be required, but it shall be sufficient for the trial judge to find generally for or against the several parties.

"The trial judge shall sign and file, or dictate to the stenographer, an opinion in which he shall set forth his decision and the substance of the judgment with the concise statement of his reasons therefor, and where he awards damages, the manner in which he has determined the amount."

The trial of this case took place in November, 1964, and GCR 1963, 517.1 is controlling. We find in the authors' comments in 2 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), p 592, the following:

"Under the former statute, parties might request special findings of fact in cases tried without a jury. CL 1948, § 618.14 (Stat Ann 1962 Rev § 27.994). However, former Rule 37(11) modified the statute by providing that special findings were not required and that it would be sufficient for the trial judge to find generally for or against the several parties. The judge was directed to file an opinion which set forth his reasons for the judgment, but failure to comply was not reversible error, and the Supreme Court on appeal would assume that every fact necessary to support the judgment had been found, if there was sufficient evidence to sustain such a finding.

"In cases tried without a jury, Rule 517 now makes findings of fact by the court compulsory, whereas in former practice such findings were, in effect, discretionary with the trial court. The new Rule continues the option as between making the findings of fact separately or including them in an opinion or memorandum.

"Since Rule 517 is based upon Federal Rule 52(a),[4] it may be presumed that the purpose of the Michigan

---

[4] Fed Civ Proc Rule 52(a), 28 USC (1964 ed), App.—REPORTER.

rule is the same as that underlying the Federal rule. This purpose has been stated as follows:

" 'The purpose of Rule 52(a) is to aid the appellate court by affording it clear understanding of the ground or basis of the decision of the trial court. Another purpose of requiring findings of fact and conclusions of law is to make definite just what is decided by the case in order to apply the doctrines of estoppel and *res judicata* to future cases. Finally, and possibly most important, the requirement that findings of fact be made is intended to evoke care on the part of the trial judge in ascertaining the facts.' Barron and Holtzoff, Federal Practice and Procedure, § 1121, at pp 481, 482."

A careful review of the record reveals that there were facts in the record upon which the trial judge could find liability. However, the facts were in controversy and therefore there was a need for them to be determined.

We conclude that the trial judge was required to make findings of fact under the effective court rule and his failure so to do requires remand for new trial.[5]

Other issues raised by defendant need not be discussed in view of this determination.

Reversed and remanded for new trial. Costs to defendant-appellant, assessment of same to await determination on the merits.

Burns and Wise, JJ., concurred.

---

[5] Inasmuch as Judge O'Neill has retired and this Court does not have power of appointment of the trial judge to complete his work in the case, a new trial has been ordered.