COUNCIL 23 AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES *v.*
WAYNE COUNTY CIVIL SERVICE COMMISSION

1. CONSTITUTIONAL LAW—CONSTITUTIONS—CONSTRUCTION.

   The principles of statutory construction, as a general rule, apply
   to the construction of the constitution; a presumption exists
   that words in the constitution have been used according to
   their plain, natural impact; a court is not at liberty to
   disregard the plain meaning of words in order to search for
   some other conjectured intent.

2. CONSTITUTIONAL LAW—LEGISLATIVE POWER—LIMITATION.

   The legislature's power to legislate is unlimited, except as
   expressly limited by the constitution.

3. MUNICIPAL CORPORATIONS—CIVIL SERVICE SYSTEMS—PERMISSIBIL-
   ITY—CONSTITUTIONAL LAW

   The language of the constitutional provision granting local gov-
   ernments the authority to establish, modify or discontinue a
   merit system is permissive; local governments may establish
   civil service systems (Const 1963, art 11, § 6).

4. MUNICIPAL CORPORATIONS—CIVIL SERVICE SYSTEMS—INDEPEND-
   ENCE.

   A civil service system established by a local government pur-
   suant to the constitution is independent of legislative control
   (Const 1963, art 11, § 6).

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law § 75.
[2] 16 Am Jur 2d, Constitutional Law §§ 227–230.
[3] 16 Am Jur 2d, Constitutional Law § 91.
[4–7] 15 Am Jur 2d, Civil Service §§ 2, 7.
[8] 16 Am Jur 2d, Constitutional Law § 137 *et seq.*
[9–13] 16 Am Jur 2d, Constitutional Law § 485 *et seq.*

5. Constitutional Law—Municipal Corporations—Civil Service Systems—Legislative Power.

> The constitutional provision allowing a local government to establish a civil service system by ordinance or resolution approved by a majority of the electors voting does not preclude the legislature from amending statutes which organize local civil service systems not organized under the constitutional provision (Const 1963, art 11, § 6; MCLA §§ 38.401 et seq., 38.413[a]).

6. Constitutional Law.

> The constitutional provision allowing local governments to establish civil service systems is self-executing in the sense that no legislation is required to enable local governmental units to adopt local civil service systems and that, once adopted, the systems automatically supersede the legislative system (Const 1963, art 11, § 6).

7. Municipal Corporations—Civil Service Systems—Legislative Power—Statutes—Constitutional Law.

> Statute governing the granting of regular status to provisional appointments and promotions in the civil service systems of counties over 1,000,000 is constitutional and does not violate the constitutional provision authorizing local governments to establish civil service systems, because, although civil service systems organized pursuant to the constitutional provision are independent of legislative control, civil service systems organized under statute are subject to legislative amendment of the governing statutes (Const 1963, art 11, § 6; MCLA §§ 38.401 et seq., 38.413[a]).

8. Statutes—Presumptions—Constitutionality.

> A statute passed by the legislature is presumed to be constitutional.

9. Constitutional Law—Equal Protection—Classification.

> The equal protection clause admits of the exercise of a wide scope of discretion in classifications and avoids what is done only when it is without any reasonable basis and, therefore, purely arbitrary (US Const, Am 14; Const 1963, art 1, § 2).

10. Constitutional Law—Equal Protection—Statutes—Classification.

> A statutory classification having some reasonable basis does not offend against equal protection merely because the classification is not made with mathematical nicety or because in

practice it results in some inequality (US Const, Am 14; Const 1963, art 1, § 2).

11. CONSTITUTIONAL LAW—EQUAL PROTECTION—CLASSIFICATION—PRESUMPTIONS.

Any state of facts that can reasonably be conceived will be assumed in order to sustain, under the equal protection clause, a classification in police laws where the classification has been called in question (US Const, Am 14; Const 1963, art 1, § 2).

12. CONSTITUTIONAL LAW—EQUAL PROTECTION—CLASSIFICATION—BURDEN OF PROOF.

One who assails the classification in a police law has the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary (US Const, Am 14; Const 1963, art 1, § 2).

13. MUNICIPAL CORPORATIONS—CIVIL SERVICE SYSTEMS—STATUTES—CONSTITUTIONAL LAW.

Statute making permanent, in civil service systems in counties of a population over 1,000,000, the provisional status of civil service employees after six months in the provisional position is based on a reasonable legislative intent because the statute meant either (1) that there was a new way for provisional employees to obtain regular status, that all provisional appointments would be filled within six months by competitive means or, in the interest of efficiency, those who held the positions provisionally would automatically hold them with regular status or (2) that the statute was a "one shot" measure, that all employees who had held their positions provisionally for six months as of a certain date would have regular status thus clearing up the civil service back-log and allowing the civil service commission to operate its regular promotional procedures more efficiently; which of these meanings, both reasonable, was intended by legislature is, in the first instance, for the trial court to decide (MCLA § 38.413 [a]).

Appeal from Wayne, Thomas J. Foley, J.  Submitted Division 1 January 7, 1971, at Detroit. (Docket No. 8814.)  Decided March 31, 1971.

Complaint by Council 23 American Federation of State, County, and Municipal Employees, AFL–CIO,

and Joseph F. Thompson, Richard Sivic, Edna Lorraine, Theodore Stringer, Lois Warren, Gerald Dziedzic, and Jonathon D. Gallimore against Wayne County Civil Service Commission seeking a temporary restraining order to prevent the defendant from dismissing, demoting, or reclassifying any employees who had held provisional status for more than six months and seeking a judicial interpretation of PA 1968, No 188. Restraining order issued and the act declared unconstitutional. Plaintiffs appeal. Reversed and remanded.

*Zwerdling, Miller, Klimist & Maurer* (by *A. L. Zwerdling* and *William L. Martens*), for plaintiffs.

*Thomas V. LoCicero,* for defendant.

Before: R. B. BURNS, P. J., and J. H. GILLIS and V. J. BRENNAN, JJ.

PER CURIAM. The sole question presented on this appeal is whether PA 1968, No 188 (MCLA 1970 Cum Supp § 38.413a [Stat Ann 1970 Cum Supp § 5.1191(13.1)]) is constitutional. The trial court held that the act was unconstitutional on two grounds: First, it was the trial court's ruling that art 11, § 6 of the Constitution of 1963 precludes the legislature from passing an act governing administration of a local civil service system. Second, the trial court held that Act No 188 was a violation of the equal protection of the laws.

PA 1968, No 188, effective June 21, 1968, amends PA 1941, No 370 (MCLA § 38.401 *et seq.* [Stat Ann 1961 Rev § 5.1191(1) *et seq.*]) by adding a new section 13a. Act No 370 is the act which establishes the Wayne County Civil Service Commission. The new section 13a provides in pertinent part:

"Any county employee in the classified service who has held a provisional appointment or provisional promotion continuously in the same class and agency for a period of 6 months as of July 1, 1968, shall be granted regular status in the class of positions in which such provisional appointment or provisional promotion is held."

On June 20, 1968, the plaintiffs filed a complaint in anticipation of the Governor's signing the act. The complaint sought a temporary restraining order to prevent the Wayne County Civil Service Commission from dismissing, demoting, or reclassifying any employees who had held provisional status for more than six months. The complaint also sought judicial interpretation of the act, a determination of the date on which it became effective, and the effect of the act on various classes of employees. The restraining order was issued. The status quo, as of June 20, 1968, has been maintained through the restraining order and an order granting an emergency stay of proceedings issued by this Court on February 6, 1970.

The trial court's ruling that Const 1963, art 11, § 6 removed the power of the legislature to legislate with respect to local civil service systems was based on constitutional convention debate and on OAG, 1965–1966, No 4507, p 349 (August 29, 1966) which rules that art 11, § 6 is self-executing. This section of the 1963 Constitution has been judicially interpreted in the case of *Sloan* v. *Warren Civil Service Commission* (1970), 26 Mich App 555. The Court's holding in *Sloan* is not addressed to the issue of legislative power.

As a general rule the principles of statutory construction apply to construction of the Constitution. There is a presumption that words in the Constitution have been used according to their plain, natural

import, and a court is not at liberty to disregard the plain meaning of the words in order to search for some other conjectured intent. *American Youth Foundation* v. *Township of Benona* (1967), 8 Mich App 521. The legislature's power to legislate is unlimited, except as expressly limited by the Constitution. *Attorney General, ex rel. O'Hara*, v. *Montgomery* (1936), 275 Mich 504; *Huron-Clinton Metropolitan Authority* v. *Boards of Supervisors of Five Counties* (1942), 300 Mich 1.

The language of art 11, § 6 is permissive. Local governments may establish civil service systems. Once those systems are established they are independent of legislative control. *Sloan* v. *Warren Civil Service Commission, supra.* The fact is not disputed that Wayne County has not acted under art 11, § 6 and, therefore, the Wayne County Civil Service Commission is still organized under PA 1941, No 370. Article 11, § 6 must be read to intend the plain meaning of its words. Its words do not, in their plain meaning, prevent the legislature from amending statutes which organize local civil service systems not organized under art 11, § 6. The opinion of the Attorney General which rules that art 11, § 6 is self-executing simply means that no legislation is required to enable local governmental units to adopt local civil service systems and that once they are adopted they automatically supersede the legislative system. The trial court's interpretation of art 11, § 6 is not supported by the clear meaning of the words of the section.

We are of the view that the trial court also erred in concluding that Act No 188 creates a discriminatory classification which violates the equal protection clauses, US Const, Am 14, § 1 and Const 1963, art 1, § 2.

There is a presumption that a statute passed by the legislature is constitutional, *Cady* v. *City of Detroit* (1939), 289 Mich 499.

In *Gauthier* v. *Campbell, Wyant & Cannon Foundry Company* (1960), 360 Mich 510, the Supreme Court reviewed the standards to be applied when determining whether a statutory classification violates the equal protection clause.

At page 514, the Court stated:

" 'The standards of classification are:

" '1. The equal protection clause of the Fourteenth Amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary.  2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed.  4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary.' "    (Citation omitted.)

In reviewing the constitutionality of Act No 188, this Court must keep in mind that any interpretation of the act which indicates that the legislature acted reasonably in creating the classifications established in the act will require a holding that it is constitutional.

There are two possible interpretations of Act No 188.  The first, suggested by the plaintiffs and the only one considered by the trial court, is that

Act No 188 establishes a new method for provisional employees to attain regular status, *i.e.,* any employee who maintains provisional status in a position for six months automatically attains regular status. The second interpretation is that Act No 188 is "one shot" legislation, *i.e.,* all employees who had held provisional status for six months on July 1, 1968, were automatically granted regular status on that date and that is all.

Into each of these interpretations a reasonable, not arbitrary, legislative intent can be read. The first interpretation can support the following legislative intent: From July 1, 1968 on, the Wayne County Civil Service Commission shall fill all provisional appointments through regular competitive means within six months or else, in the interest of governmental efficiency, those employees who have held the positions provisionally will automatically hold them with regular status. The second interpretation can be justified by the following legislative intent: The Wayne County Civil Service Commission has a huge back-log of provisional employees who have held their positions for over six months. In the interest of governmental efficiency, Act No 188 will grant all employees who have held provisional status for six months on July 1, 1968, regular status, thus clearing up the backlog and allowing the Wayne County Civil Service Commission to operate its regular promotional procedures with greater efficiency.

Both of these interpretations of Act No 188 indicate a reasonable legislative purpose. It is apparent that the classification created by the act has a rational basis. We find no violation of equal protection of the law.

We think it inappropriate at this stage to resolve which of the above interpretations of Act No 188

is correct. That is a question to be decided in the first instance by the trial court together with the other unresolved issues in the case. It suffices here to note that under either interpretation, the act would be constitutional.

The judgment of the trial court declaring PA 1968, No 188 unconstitutional is reversed. Otherwise the case is remanded for further proceedings consistent with this opinion.