## O'REILLY v WAYNE COUNTY

Docket No. 58991. Submitted November 18, 1981, at Detroit.—Decided May 21, 1982. Leave to appeal applied for.

John B. O'Reilly brought an original mandamus action in the Court of Appeals against defendants Wayne County, Wayne County Equalization Director and Wayne County Treasurer seeking to enforce the provisions of the Headlee Amendment to the state constitution which provide for limitations on property taxes. By order of the Court of Appeals the Ford Motor Company was allowed to intervene as a defendant. Plaintiff alleges that the amendment is unconstitutional because it fails to provide for the calculation of a separate millage reduction fraction for each class of property separately equalized. Plaintiff also claims that the statute regarding equalization by counties unconstitutionally includes data regarding personal property in the calculation of the millage reduction fraction applicable to real property and that the statutes which require the equalization of real property to be performed using separate classes of real property are unconstitutional. *Held:*

1. The plaintiff has standing to bring this mandamus action since he is a taxpayer of the state. Plaintiff is not precluded from bringing this action because of a similar complaint in the Tax Tribunal because the plaintiffs in the two actions are different.

2. Constitution 1963, art 9, § 3 does not require the calculation of a separate millage reduction fraction for each class of property separately equalized. The language and intent of the

REFERENCES FOR POINTS IN HEADNOTES

[1, 7] 71 Am Jur 2d, State and Local Taxation § 141.

[2] 52 Am Jur 2d, Mandamus §§ 12, 21-26, 490.

[3, 4, 9, 12, 13] 72 Am Jur 2d, State and Local Taxation § 831.

[4] 71 Am Jur 2d, State and Local Taxation § 170.

[5] 16 Am Jur 2d, Constitutional Law §§ 90, 91.

[6] 16 Am Jur 2d, Constitutional Law §§ 110, 111, 123.

[8] 71 Am Jur 2d, State and Local Taxation § 158 *et seq.*

[10] 71 Am Jur 2d, State and Local Taxation § 68 *et seq.*

[11] 71 Am Jur 2d, State and Local Taxation § 150.

Headlee Amendment does not provide that the classes of property whose assessments are separately equalized should have separate millage reduction fractions calculated.

3. There is no basis for finding the statute regarding the separate tabulation of the valuation of real and personal property (MCL 211.34d; MSA 7.52[4]) unconstitutional because it requires data regarding both real and personal property to be used in calculating the millage reduction fraction applicable to real property. Since Const 1963, art 9, § 3 requires a uniform rate of taxation which applies to both real and personal property, data regarding both must be used to calculate the tax rate.

4. The statutes which require the equalization of real property to be performed by using separate classes of real property are not unconstitutional. The equalization of assessments and the calculation of a millage reduction fraction are not part of the same process.

5. There is no violation of the uniformity clause, Const 1963, art 9, § 3, where property is considered by class for the purpose of equalization of assessments but is considered in the aggregate when calculating the millage reduction fraction. These processes, in fact, enhance the uniformity clause.

Mandamus denied.

1. TAXATION — STANDING — JURISDICTION — CONSTITUTIONAL LAW.

Any taxpayer of the state has standing to bring a suit to enforce the constitutional limitations on taxing and spending contained in Const 1963, art 9, §§ 25-31; the Court of Appeals has subject matter jurisdiction over such suits (Const 1963, art 9, § 32; MCL 600.308a; MSA 27A.308[1]).

2. TAXATION — STANDING — MANDAMUS — COURT OF APPEALS — TAX TRIBUNAL.

A plaintiff is not precluded from bringing an original mandamus action in the Court of Appeals seeking to enforce the provisions of the state constitution providing for limitations on property taxes because a similar complaint has been filed in the Tax Tribunal where the plaintiffs in the two actions are different.

3. TAXATION — EQUALIZATION — CLASSES.

The statute providing for county equalization provides that equalization is separate for each class of real and personal property; the statute regarding the classification of assessable property establishes six classes of real property and five classes of personal property (MCL 211.34, 211.34c; MSA 7.52, 7.52[3]).

4. TAXATION — EQUALIZATION — STATE TAX COMMISSION.

The statute governing state equalization of real property requires the State Tax Commission to separately equalize the value of real property in each classification of real property (MCL 209.4; MSA 7.604).

5. CONSTITUTIONAL LAW — JUDICIAL CONSTRUCTION. .

Technical rules of statutory construction do not apply to the interpretation of a constitution.

6. CONSTITUTIONAL LAW — JUDICIAL CONSTRUCTION.

A presumption exists that words in the constitution have been used according to their plain, natural import; a court is not at liberty to disregard the plain meaning of the words in order to search for some other conjectured intent.

7. CONSTITUTIONAL LAW — HEADLEE AMENDMENT.

The Headlee Amendment to the constitution is intended as a limitation on the growth of revenues to local governments; the amendment does not state that taxes are to be limited for the taxpayers and is not intended to prohibit an increase of taxes within a class of property where the increase is caused by equalization of the assessments of the class with other classes at the same percentage of true cash value (Const 1963, art 9, §§ 25-31).

8. CONSTITUTIONAL LAW — UNIFORMITY CLAUSE.

The uniformity clause of the constitution provides that the Legislature shall provide for the uniform general ad valorem taxation of real and tangible personal property not exempt by law (Const 1963, art 9, § 3).

9. CONSTITUTIONAL LAW — HEADLEE AMENDMENT — MILLAGE REDUCTION FRACTIONS — CALCULATION.

The Headlee Amendment to the constitution does not require the calculation of a separate millage reduction fraction for each class of property that is separately equalized (Const 1963, art 9, § 31; MCL 211.34c; MSA 7.52[3]).

10. TAXATION — CONSTITUTIONAL LAW — PRESUMPTIONS.

The Legislature's enactments are generally clothed with a presumption of constitutionality; the presumption of constitutionality following taxing statutes is stronger than that which applies to laws generally; only where a taxing system clearly

and palpably violates the fundamental law will it be held invalid.

11. TAXATION — CONSTITUTIONAL LAW — MILLAGE REDUCTION FRACTIONS — CALCULATION.

The taxation statute regarding the separate tabulation of real and personal property is not unconstitutional because it includes data regarding personal property in the calculation of the millage reduction fraction applicable to real property; since the constitution requires a uniform rate of taxation which applies to both real and personal property, data regarding both may be used to calculate the tax rate (Const 1963, art 9, § 3; MCL 211.34d; MSA 7.52[4]).

12. TAXATION — EQUALIZATION — CONSTITUTIONAL LAW.

The taxation statutes which require the equalization of real property to be performed by using separate classes of real property do not violate the uniformity clause of the constitution; there is no violation where property is considered by class for the purpose of equalization of assessments but is considered in the aggregate when calculating the millage reduction fraction (Const 1963, art 9, § 3; MCL 209.4, 211.34c[2]; MSA 7.604, 7.52[3][2]).

13. TAXATION — EQUALIZATION — MILLAGE REDUCTION FRACTIONS.

The equalizing of assessments and the calculation of millage reduction fractions are not part of the same process; the calculation of a millage reduction fraction is part of the taxation process, not the equalization process.

*Van Til, Kasiborski & Ronayne, P.C.,* for plaintiff.

*George H. Cross,* Corporation Counsel, and *Robert G. Schuch,* Assistant Corporation Counsel, for defendants.

*Honigman, Miller, Schwartz & Cohn* (by *Robert A. Fineman, Charles H. Tobias* and *Michael B. Shapiro),* for intervening defendant.

Before: CYNAR, P.J., and V. J. BRENNAN and
H. E. DEMING,* JJ.

PER CURIAM. In this original mandamus action,
plaintiff seeks to enforce the provisions of the
Headlee Amendment, Const 1963, art 9, §§ 25
through 31, specifically §§ 25 and 31, which pro-
vide for limitations on property taxes.[1]

Plaintiff is the Mayor of the City of Dearborn
and pays real property taxes on residential prop-
erty situated in that city. Plaintiff's property is
also located within Wayne County. Defendants
Wayne County Equalization Director and Wayne

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] "Property taxes and other local taxes and state taxation and
spending may not be increased above the limitations specified herein
without direct voter approval. The state is prohibited from requiring
any new or expanded activities by local governments without full
state financing, from reducing the proportion of state spending in the
form of aid to local governments, or from shifting the tax burden to
local government. A provision for emergency conditions is established
and the repayment of voter approved bonded indebtedness is guaran-
teed. Implementation of this section is specified in Sections 26
through 34, inclusive, of this Article." Const 1963, art 9, § 25.

"Units of Local Government are hereby prohibited from levying
any tax not authorized by law or charter when this section is ratified
or from increasing the rate of an existing tax above that rate
authorized by law or charter when this section is ratified, without the
approval of a majority of the qualified electors of that unit of Local
Government voting thereon. If the definition of the base of an existing
tax is broadened, the maximum authorized rate of taxation on the
new base in each unit of Local Government shall be reduced to yield
the same estimated gross revenue as on the prior base. If the assessed
valuation of property as finally equalized, excluding the value of new
construction and improvements, increases by a larger percentage
than the increase in the General Price Level from the previous year,
the maximum authorized rate applied thereto in each unit of Local
Government shall be reduced to yield the same gross revenue from
existing property, adjusted for changes in the General Price Level, as
could have been collected at the existing authorized rate on the prior
assessed value.

"The limitations of this section shall not apply to taxes imposed for
the payment of principal and interest on bonds or other evidence of
indebtedness or for the payment of assessments on contract obliga-
tions in anticipation of which bonds are issued which were authorized
prior to the effective date of this amendment." Const 1963, art 9, § 31.

County Treasurer are responsible for computing and certifying, respectively, the limitations upon property tax millage rates imposed by the Headlee Amendment, Const 1963, art 9, § 31. By this Court's order of September 11, 1981, the Ford Motor Company was allowed to intervene as a defendant.

We initially find that the plaintiff has standing to bring this suit as a taxpayer, and this Court has subject matter jurisdiction over plaintiff's claims. Const 1963, art 9, § 32; MCL 600.308a; MSA 27A.308(1). Plaintiff does not claim standing in his official capacity as the Mayor of Dearborn. Further, we find defendants' claim that plaintiff is precluded from bringing this action because a similar complaint has been filed in the Tax Tribunal is meritless. The plaintiffs in the two actions are different.

Plaintiff first claims that the Headlee Amendment requires the calculation of a separate millage reduction fraction for each class of property that is separately equalized.

At the time the Headlee Amendment was adopted, and at the time its implementing legislation was enacted, the aggregate assessed valuation of all real property was considered by the County Board of Commissioners and the State Tax Commission in determining whether a local taxing unit had assessed real property at 50% of its true cash value. Separate classes of property were not separately equalized on both the county and state levels. MCL 211.34; MSA 7.52, providing for county equalization, was amended by 1979 PA 114 and it provides that equalization is separate for each class of real and personal property. MCL 211.34c; MSA 7.52(3), establishes six classes of real property and five classes of personal property. The

statute governing state equalization of real property, MCL 209.4; MSA 7.604, was amended by 1981 PA 52 so that the State Tax Commission separately equalizes the value of real property in each of the classifications.

The assessed valuation of property as finally equalized for the separate classes is added together, and that sum is one factor used in determining a "millage reduction fraction". This fraction is multiplied by the maximum millage rate authorized by the unit of local government in determining the tax rate for the local government. MCL 211.34d(7); MSA 7.52(4)(7) states how the millage reduction fraction is calculated:

"(7) Beginning in 1979, a millage reduction fraction shall be determined for each year for each local unit of government. The numerator of the fraction shall be the total state equalized valuation for the preceding year multiplied by the inflation rate and the denominator of the fraction shall be the total state equalized valuation for the current year minus new construction and improvements. * * * [T]he millage reduction fraction shall be multiplied by the maximum millage rate authorized by law or charter for the unit of local government for 1979, except as provided by subsection (9)."

The statute clearly does not state that separate millage reduction fractions are calculated for each of the classes of property specified in MCL 211.34c; MSA 7.52(3). However, plaintiff argues that Const 1963, art 9, § 31 requires separate millage reduction fractions for each class separately equalized. The constitutional amendment states in part:

"Sec 31. Units of Local Government are hereby prohibited from levying any tax not authorized by law or charter when this section is ratified or from increasing the rate of an existing tax above that rate authorized

by law or charter when this section is ratified, without the approval of a majority of the qualified electors of that unit of Local Government voting thereon. If the definition of the base of an existing tax is broadened, the maximum authorized rate of taxation on the new base in each unit of Local Government shall be reduced to yield the same estimated gross revenue as on the prior base. If *the assessed valuation of property as finally equalized,* excluding the value of new construction and improvements, increases by a larger percentage than the increase in the General Price Level from the previous year, the maximum authorized rate applied thereto in each unit of Local Government shall be reduced to yield the same gross revenue from existing property, adjusted for changes in the General Price Level, as could have been collected at the existing authorized rate on the prior assessed value." (Emphasis added.)

Plaintiff argues that the above emphasized phrase, "assessed valuation of property as finally equalized" must be interpreted to mean the assessed valuation of each *separate class* of property as finally equalized. We disagree. Plaintiff wants us to read a phrase into the constitutional amendment that is simply not there. This we cannot do.

In interpreting a constitution, "the technical rules of statutory construction do not apply". *Traverse City School Dist v Attorney General,* 384 Mich 390, 405; 185 NW2d 9 (1971). In *Council 23 American Federation of State, County & Municipal Employees v Wayne County Civil Service Comm,* 32 Mich App 243, 247-248; 188 NW2d 206 (1971), the Court stated:

"There is a presumption that words in the Constitution have been used according to their plain, natural import, and a court is not at liberty to disregard the plain meaning of the words in order to search for some other conjectured intent."

The language of the amendment supports plaintiff's interpretation no more than it supports one that would require a separate millage reduction fraction for each individual parcel of property.

Further, plaintiff's interpretation is not supported by the intent of the amendment. Plaintiff argues that the intent of the Headlee Amendment is to limit property taxes, and this intent is not accomplished if only one millage reduction fraction is calculated. If the assessments in one class of property increase by a larger percentage than the increase in the general price level, then that class will probably have an increase in its property taxes while other classes may not.

While the amendment does, in effect, limit property taxes, we find that the people voted for the Headlee Amendment as a limitation on the growth of revenues to local governments. In *Waterford School Dist v State Board of Education,* 98 Mich App 658, 663; 296 NW2d 328 (1980), the Court stated:

"The Headlee Amendment grew out of the spirit of 'tax revolt' and was designed to place specific limitations on state and local revenues. The ultimate purpose was to place public spending under direct popular control. Drafters' Notes—Tax Limitation Amendment, pp 2-4 (Taxpayers United Research Institute, February 15, 1979)."

This intent can also be gleaned from a reading of the amendment which plainly states that the rate of taxation for the local government is reduced in order to yield the same gross revenue to the local government each year. The amendment does not state that taxes are to be limited for the taxpayers.

We do not think that the voters intended to

limit tax increases by class. Nothing in the language of the amendment suggests an intent to prohibit an increase of taxes within a class of property when such an increase is caused by equalization of the assessments of that class with other classes at the same percentage of true cash value.

Moreover, if plaintiff's interpretation is correct and separate millage reduction fractions are calculated for each class of property, the result would be a separate rate of tax for each class. This is prohibited by Const 1963, art 9, § 3 which states in part, "the legislature shall provide for the uniform general ad valorem taxation of real and tangible personal property not exempt by law". We do not believe that the Headlee Amendment requires a separate rate of tax that would clearly conflict with the uniformity clause. Therefore, we find that the language of the amendment and its intent govern the instant action and neither provides any indication that the classes of property whose assessments are separately equalized should have separate millage reduction fractions calculated. We reject plaintiff's interpretation.

Plaintiff's second claim is that the legislation implementing the Headlee Amendment[2] is unconstitutional in three respects.

In *American Amusement Co, Inc v Dep't of Treasury,* 91 Mich App 573, 576-577; 283 NW2d 803 (1979), the Court stated:

"As a general rule, the Legislature's enactments are clothed with a presumption of constitutionality. *People v McQuillan,* 392 Mich 511, 536-537; 221 NW2d 569 (1974). This presumption appears to be especially strong where tax legislation is concerned.

[2] MCL 21.231 *et seq.;* MSA 5.3194(601) *et seq.,* MCL 21.261 *et seq.;* MSA 3.586(1) *et seq.*

* * *

"[I]n *Thoman v Lansing*, 315 Mich 566, 576; 24 NW2d 213 (1946), our Supreme Court noted:

" ' "The presumption of constitutionality following taxing statutes is stronger than applies to laws generally and only where a taxing system clearly and palpably violates the fundamental law will it be held invalid." ' "

First, plaintiff claims that the legislation is unconstitutional because it fails to provide for the calculation of a separate millage reduction fraction for each class of property separately equalized as required by Const 1963, art 9, § 31. Our disposition of the first issue, finding that Const 1963, art 9, § 31 does not require the calculation of a separate millage reduction fraction for each class of property separately equalized, renders this issue meritless.

Second, plaintiff claims that MCL 211.34d; MSA 7.52(4) is unconstitutional because it improperly includes data regarding personal property in the calculation of the millage reduction fraction applicable to real property.

We are unpersuaded that the legislation is unconstitutional. Const 1963, art 9, § 3 states:

"The legislature shall provide for the uniform general ad valorem taxation of real and tangible personal property not exempt by law. The legislature shall provide for the determination of true cash value of such property; the proportion of true cash value at which such property shall be uniformly assessed, which shall not, after January 1, 1966, exceed 50 percent; and for a system of equalization of assessments. The legislature may provide for alternative means of taxation of designated real and tangible personal property in lieu of general ad valorem taxation. Every tax other than the

general ad valorem property tax shall be uniform upon the class or classes on which it operates."

The millage reduction fraction is multiplied by the maximum millage rate authorized by the local government when calculating the tax applicable to real and personal property. Since Const 1963, art 9, § 3 requires a uniform rate of taxation which applies to both real and personal property, then data regarding both must be used to calculate the tax rate. There is no basis for finding the statute unconstitutional because it requires data regarding both real and personal property to be used in calculating the millage reduction fraction when a uniform tax rate must be applied to both.

Third, plaintiff claims that the statutes which require the equalization of real property to be performed by using separate classes of real property are unconstitutional. MCL 209.4; MSA 7.604, MCL 211.34c(2); MSA 7.52(3)(2). Plaintiff argues that the statutes violate Const 1963, art 9, § 3 because there is no uniformity where property is considered by class for the purposes of equalization of assessments but is considered in the aggregate when calculating the millage reduction fraction, since both are part of the same equalization process.

We first find that plaintiff's argument fails because equalizing assessments and calculating a millage reduction fraction are not part of the same equalization process. All property located within the local government must be assessed at 50% of its true cash value. MCL 211.27; MSA 7.27. The assessments are equalized on the county and state levels. Once the assessments are finally equalized by the state, we think that the equalization process ends. Thereafter, the taxation process begins.

The Headlee Amendment requires a reduction of the maximum authorized tax rate of a local government if the assessed valuation of property increases by a larger percentage than the increase in the general price level so that the gross revenue to the local government remains the same. To accomplish this, a millage reduction fraction is calculated. The fraction is multiplied by the authorized tax rate and that figure is then used in determining the property tax. We, therefore, think that the millage reduction fraction is part of the taxation process and not the equalization process. There is no violation of the uniformity clause where property is considered by class for the purpose of equalization of assessments but is considered in the aggregate when calculating the millage reduction fraction.

Contrary to plaintiff's argument, we find that these processes enhance the uniformity clause. Equalization by class promotes equality of assessments between property of different classes within a taxing unit because of the difficulty in equalizing assessments of property in the aggregate when the properties are distinctly different in nature. Equalization by class is especially important in promoting the principle of uniformity where there is a substantial chance that discrimination against certain classes of property will occur due to underassessments in other classes of property. Equalization by class accomplishes the constitutional mandate that assessments for all property must be at the same percentage of true cash value. The purpose of equalization is to adjust or correct all of the different modes of assessment to achieve uniformity among government units within a county and uniformity among all of the counties of the state. *In re Appeal of General Motors Corp,* 376

Mich 373; 137 NW2d 161 (1965). We are not per-suaded that equalization by class violates the uni-formity clause.

Further, we think that considering property in the aggregate for the purpose of calculating one millage reduction fraction to be applied to all the classes promotes uniformity in taxation. It is the very essence of taxation that it be equal and uniform. *Allied Supermarkets, Inc v Detroit,* 391 Mich 460; 216 NW2d 755 (1974). All property must be taxed at the same rate.

We, therefore, find that the separate equaliza-tion of property by class does not violate the uniformity clause.

Mandamus denied.