CITY OF ANN ARBOR v STATE OF MICHIGAN

Docket No. 66415. Submitted June 21, 1983, at Lansing.—Decided
    February 7, 1984. Leave to appeal applied for.

Plaintiffs, a group of ten municipal corporations and several
    individual taxpayers, brought identical actions in both Washte-
    naw Circuit Court and the Court of Claims against the State of
    Michigan and the Treasurer of the State of Michigan. Plaintiffs
    alleged that the plaintiff municipal corporations provided fire
    protection services to property within their boundaries, includ-
    ing tax-exempt state-owned property, and sought reimburse-
    ment from the state for the costs of such fire protection for
    state-owned facilities, pursuant to statute. Plaintiffs further
    alleged that the State Treasurer failed to make the requested
    payments and that the State of Michigan failed to appropriate
    funds for such payments. Plaintiffs alleged that the failure was
    a violation of Const 1963, art 9, § 29, and sought mandamus
    and declaratory relief. The cases were consolidated and heard
    by Washtenaw Circuit Judge Ross W. Campbell sitting as a
    Court of Claims judge. The trial court granted summary judg-
    ment in favor of plaintiffs and ordered the defendants to take
    the steps necessary to reimburse the plaintiff municipal corpo-
    rations. Defendants appealed. *Held:*

    1. The constitutional provision prohibits the state from reduc-
    ing its financing of services of local governmental units re-
    quired by state law. "State law" is defined as a state statute or
    state agency rule.

    2. The providing of fire protection services is not required by
    state law. Municipal corporations are allowed, but not required,
    to provide fire protection. Therefore, the state is not required
    by Const 1963, art 9, § 29 to maintain reimbursement for the
    services provided to state-owned facilities.

    Reversed.

    J. R. ERNST, J., dissented. He would hold that "state law"

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 73 Am Jur 2d, Statutes §§ 1, 240.
[2, 5] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
    Political Subdivisions § 115.
[3] 16 Am Jur 2d, Constitutional Law § 111.

encompasses not only state statutes and agency rules but also constitutional provisions and judicial decisions. He further points out that, once having commenced providing fire protection services, municipalities may not distinguish among their citizens to determine who is to receive such services but must provide them to all. He would hold, therefore, that the plaintiff municipal corporations were required to continue furnishing fire protection services to state-owned facilities and that the defendants' termination of reimbursement violated Const 1963, art 9, § 29. He would affirm.

### OPINION OF THE COURT

1. CONSTITUTIONAL LAW — STATE LAW — STATUTES — MUNICIPAL CORPORATIONS.

   A "state law", as used in the constitutional provision prohibiting the reduction of state financing of pre-existing activities or services required of local governments by state law, is "a state statute or state agency rule"; a statute or rule allowing a local unit of government to perform an activity or service, but not requiring it, is not a "requirement of state law" (Const 1963, art 9, § 29; MCL 21.234[4], 21.234[5][h]; MSA 5.3194[604][4], 5.3194[604][5][h]).

2. MUNICIPAL CORPORATIONS — FIRE PROTECTION — STATUTES.

   Municipal corporations, including cities, charter townships and townships, are authorized by statute to provide fire protection, but are not required to do so.

### DISSENT BY J. R. ERNST, J.

3. CONSTITUTIONAL LAW — JUDICIAL CONSTRUCTION.

   *The technical rules of statutory construction do not apply in interpreting a constitution; words in a constitution are presumed to have been used according to their plain, natural import and a court is not at liberty to disregard the plain meaning of the words to search for some other intent.*

4. WORDS AND PHRASES — STATE LAW.

   *The term "state law" encompasses not only state statutes and state agency rules but also constitutional provisions and judicial decisions.*

5. CONSTITUTIONAL LAW — MUNICIPAL CORPORATIONS — STATE REQUIREMENTS — FIRE PROTECTION.

   *The state is precluded by the constitution from reducing payments to local governments for fire protection provided to state-*

*owned facilities where those local governments are required to continue such fire protection as was provided on the effective date of the so-called "Headlee Amendment" to the constitution (Const 1963, art 9, § 29).*

*R. Bruce Laidlaw,* City Attorney, and *Stefani A. Carter,* Assistant City Attorney, for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Milton I. Firestone* and *George M. Elworth,* Assistants Attorney General, for defendants.

Before: J. H. GILLIS,. P.J., and D. E. HOLBROOK, JR., and J. R. ERNST,* JJ.

PER CURIAM. Defendants appeal as of right from the trial court's June 17, 1982, grant of summary judgment in plaintiffs' favor.

On March 18, 1981, plaintiffs, municipal corporations and taxpayers, filed identical complaints in the Court of Claims and in Washtenaw County Circuit Court seeking declaratory and injunctive relief. They alleged that plaintiff municipal corporations all provided fire protection services to all property within their boundaries, and that they were required by law to provide such service to all such property, whether public or private. State-owned property is located within the boundaries of each plaintiff municipal corporation. Each plaintiff municipal corporation had followed the procedure dictated in MCL 141.951 *et seq.;* MSA 4.208(1) *et seq.,* for obtaining reimbursement for the costs of fire protection services provided to state facilities in fiscal 1980. Defendant Treasurer failed to draw warrants to make the requested payments, and defendant State of Michigan failed to appropriate

---

* Circuit judge, sitting on the Court of Appeals by assignment.

monies with which to make such payments. Plaintiffs argued that defendants' failure to reimburse them for the expenses of fire protection provided to state facilities under MCL 141.951 *et seq.;* MSA 4.208(1) *et seq.,* was a violation of Const 1963, art 9, § 29, one section of the "Headlee Amendment", and requested that the courts issue writs of mandamus directing defendants to make the required payments and issue declaratory judgments stating that defendants were in fact obliged to continue their reimbursements.

Defendants answered on April 24, 1981, stating as affirmative defenses that defendant Treasurer issued no warrants for fiscal 1980 under MCL 141.951 *et seq.;* MSA 4.208(1) *et seq.,* because no appropriation had been adopted under the statutes, that fire protection was a purely local matter, and that the requested relief could not be granted without violating the doctrine of separation of powers.

On September 21, 1981, the Court of Claims case was consolidated with the Washtenaw County case in the Washtenaw County Circuit Court to be heard by Circuit Court Judge Ross W. Campbell as a Court of Claims judge.

Plaintiffs moved for summary judgment under GCR 1963, 117.2(2) on March 4, 1982, arguing that defendants had failed to state any valid defense. The trial judge granted this motion on June 17, 1982, finding that defendants' actions violated Const 1963, art 9, § 29, and ordering defendants to take the necessary steps to prepare to make the required reimbursements under MCL 141.951 *et seq.;* MSA 4.208(1) *et seq.* This order was stayed pending this appeal.

Const 1963, art 9, § 29 provides that "[t]he state is  * * *  prohibited from reducing the state

financed proportion of the necessary costs of any existing activity or service required of units of Local Government by state law". This provision also requires the state to pay for the increase in costs incurred by units of local government due to any new activity or service required by the Legislature or another state agency.

This Court has not yet interpreted the meaning of the phrase "activity or service required * * * by state law" as used in the above provision. Under MCL 21.234(4); MSA 5.3194(604)(4), which implements this constitutional provision, however, "state law" is defined as "a state statute or state agency rule". MCL 21.234(5)(h); MSA 5.3194(604)(5)(h) provides that a statute or rule allowing a local unit of government to perform an activity or service, but not requiring it, is not a "requirement of state law".

Because it is dispositive, we address only the issue of whether the furnishing of fire protection services by plaintiff municipal corporations is an activity required by state law and hold that it is not.

Although charter townships and townships are authorized by statute to provide fire protection, MCL 41.181, 41.801, 42.13; MSA 5.45(1), 5.2640(1), 5.46(13), each of these statutes is clearly permissive rather than mandatory.

The home rule cities act, MCL 117.1 *et seq.;* MSA 5.2071 *et seq.,* requires that such cities provide in their charters "[f]or the public peace and health and for the safety of persons and property". MCL 117.3(j); MSA 5.2073(j). Nothing in the act, however, specifically requires that home rule cities provide fire protection. Indeed, fire protection has long been considered a purely local matter. *Davidson v Hine,* 151 Mich 294; 115 NW 246 (1908). This

conclusion is also supported by other statutes which recognize that it is optional for cities to have fire departments. Section 4(1) of the Fire Prevention Code, MCL 29.1 *et seq.;* MSA 4.559(1) *et seq.,* for example, provides in part:

"The chief of each organized fire department, *or the clerk of each city, village, or township not having an organized fire department,* immediately after the occurrence of fire within the official's jurisdiction resulting in loss of life or property, shall make and file with the state fire marshal a complete fire incident report of the fire." (Emphasis supplied.) MCL 29.4; MSA 4.559(4).

See also MCL 38.501; MSA 5.3351.

Reversed.

J. R. ERNST, J. *(dissenting).* I regret that I am unable to agree with the meaning which the majority ascribes to the phrase "activity or service required * * * by state law" as used in Const 1963, art 9, § 29, and file my dissent accordingly.

This Court, in *O'Reilly v Wayne County,* 116 Mich App 582, 589; 323 NW2d 493 (1982), held:

"In interpreting a constitution, 'the technical rules of statutory construction do not apply'. *Traverse City School Dist v Attorney General,* 384 Mich 390, 405; 185 NW2d 9 (1971). In *Council 23 American Federation of State, County & Municipal Employees v Wayne County Civil Service Comm,* 32 Mich App 243, 247-248; 188 NW2d 206 (1971), the Court stated:

" 'There is a presumption that words in the Constitution have been used according to their plain, natural import, and a court is not at liberty to disregard the plain meaning of the words in order to search for some other conjectured intent.' "

In *Dauer v Zabel,* 9 Mich App 176, 180; 156 NW2d 34 (1967), *vacated on other grounds* 381

Mich 555; 164 NW2d 1 (1969), this Court considered the meaning of the term "prescribed by law" as used in Const 1908, art 2, § 13, and stated:

> "In 52 CJS, Law, p 1025, 'law' is defined as follows:
> " 'The law of a state is to be found in its statutory *and constitutional* enactments as interpreted by its courts and, in the absence of statute law, in the rulings of its courts.' " (Emphasis added.)

The Headlee Amendment was adopted to provide a limited constitutional restraint upon the unfettered power of the Legislature to tax and spend. Section 5 of the Headlee Amendment, Const 1963, art 9, § 29, serves to protect units of local government against state action discontinuing or diminishing those monies which the state has provided to those local governments to finance a portion of the necessary costs of any required "existing activity or service".

The defendants concede that, once having commenced furnishing fire protection, municipalities may not, while they are furnishing such services, distinguish among their citizens in deciding who is to receive such services. The furnishing of fire protection by cities and townships on a uniform basis is compelled by considerations of equal protection of both the United States Constitution *and Michigan Constitution* and by considerations of the nature of local government and its functions.

In my opinion, it is impermissibly restrictive to define the phrase "state law" as including only "a state statute or state agency rule". Constitutional provisions and judicial decisions form an integral part of the law of this state as the term "law" is commonly understood.

The title to 1977 PA 289 declares it to be "An Act to provide for payments to municipalities for

fire protection services received by state facilities".
Act 289 did not purport to provide general financial assistance to aid local units of government which in their discretion furnish fire protection. Rather, such payments were for the specific purpose of reimbursing those municipalities which did furnish fire protection for the proportionate cost of such fire protection which they provided to tax-exempt state-owned facilities.

Where, as here, local units of government are required by the law of the state to continue to furnish fire protection to state properties and where, as here, the state provided payments to reimburse municipalities for such required fire protection service, the state is precluded by Const 1963, art 9, § 29, from reducing such payments below the level existing on the effective date of the Headlee Amendment.

I would affirm the trial court.